**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SEALED PLAINTIFF,

Plaintiff,

v.

SEALED DEFENDANTS,

Defendants.

Case: 1:26-cv-02173 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 6/18/2026
Description: TRO/PI (D-DECK)

**SEALED PLAINTIFF'S MOTION FOR LEAVE TO FILE CASE UNDER SEAL**

Pursuant to Local Civil Rule 5.1(h), plaintiff (the "Sealed Plaintiff") respectfully moves this Court for leave to file this case under seal. On February 21, 2025, sophisticated cyber threat actors ("Sealed Defendants") conducted a brazen attack against Sealed Plaintiff that resulted in the theft of a substantial amount of cryptocurrency. Since then, Sealed Defendants, including anonymous John Doe Defendants, have taken steps to launder and obscure proceeds of the attack. However, thanks to an extensive forensic investigation, a portion of the stolen funds have been traced on the cryptocurrency blockchain. Sealed Plaintiff seeks to bring this case to hold the Sealed Defendants liable for violations of federal and state law, and to obtain a Temporary Restraining Order ("TRO") directing various cryptocurrency exchanges to freeze the stolen assets that remain traceable to the attack.

If the Sealed Defendants learn of this lawsuit before the stolen assets are frozen, the John Doe Defendants who control the crypto wallets where the assets are currently held will almost certainly take immediate steps to move and further obscure those assets, depriving Sealed Plaintiff of relief before the Court can act. Sealed Plaintiff therefore respectfully moves this Court for leave to file this action under seal and to docket it as *Sealed Plaintiff v. Sealed Defendants*. The facts

RECEIVED
JUN 18 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

that justify sealing, including the identities of the known parties and the assets at issue, are set out in the Declaration of Travis LeBlanc submitted under seal in support of this Motion ("LeBlanc Decl.").

The relief sought is narrow and self-limiting. Sealed Plaintiff does not seek to litigate this entire case in secret. It asks only that the action remain sealed until this Court decides Sealed Plaintiff's TRO motion and, if granted, the motion is given effect by the cryptocurrency exchanges where the traceable assets are now held. That is the window in which any public disclosure of the suit would alert the Sealed Defendants, and others acting in concert with them, to move the assets beyond reach. Once temporary relief is effectuated, Sealed Plaintiff will promptly notify the Court, and the case can then proceed on the public docket with narrowly tailored redactions as appropriate. *See* Fed. R. Civ. P. 5.2; LCvR 5.1(h).

**1. All Six *Hubbard* Factors Favor Sealing the Case, Which Is Necessary to Prevent Irreversible Prejudice to Sealed Plaintiff.**

While there is "a strong presumption in favor of public access to judicial proceedings," *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016), a movant seeking to seal a case may overcome that presumption upon a showing of good cause. Under this Court's rules, a party may move for leave to file a complaint and case-initiating papers under seal, and to proceed by placeholder designation, with the sensitive facts supplied in a sealed declaration, pending the Court's ruling. *See Brown Rudnick LLP v. Doe*, No. 1:25-cv-00853, ECF No. 4 (D.D.C. Apr. 9, 2025) (Boasberg, C.J.) (granting motion to seal and to proceed under pseudonyms, with the parties' identities supplied in a sealed declaration); *Doe v. Blinken*, No. 1:24-cv-03549, ECF No. 3 (Mem. Op.) (D.D.C. Jan. 6, 2025) (Boasberg, C.J.) (granting leave to proceed under a pseudonym with the supporting declaration filed under seal).

It is not uncommon for parties to request such relief when making *ex parte* applications to

freeze rapidly movable assets. In those circumstances, courts have routinely sealed entire matters for the brief interval before the freeze takes effect because advance notice would defeat the relief. *See, e.g.*, *Mercola v. Varghese*, No. 1:25-cv-04355, ECF No. 1 (S.D.N.Y. Apr. 29, 2025) (Liman, J.) (sealing the entire case, comprising the order to show cause, *ex parte* TRO motion, and verified complaint, in a cryptocurrency asset-freeze action), *unsealed by* ECF No. 10 (S.D.N.Y. May 30, 2025) (Kaplan, J.) (unsealing upon effectuation of the temporary restraining order and directing redactions thereafter); *SEC v. Lawrence*, No. 2:23-cv-00550, ECF No. 14 (E.D. Wis. May 4, 2023) (Pepper, C.J.) (sealing the entire case), *unsealed by* ECF No. 18 (E.D. Wis. May 10, 2023) (unsealing once the plaintiff advised that sealing was no longer necessary).

When assessing such a request, courts in this Circuit apply the six-factor test set out in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980); *see Perioperative Servs. & Logistics, LLC v. Sec'y of Veterans Affairs*, 57 F.4th 1061, 1067 (D.C. Cir. 2023) (the *Hubbard* factors remain "the lodestar for evaluating motions to seal or unseal judicial records"). Under *Hubbard*, courts must consider (1) the need for public access; (2) the extent of previous public access; (3) the fact that someone has objected to disclosure, and that person's identity; (4) the strength of the property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the materials were introduced. *Id.*; *see Hardaway*, 843 F.3d at 980 (applying the *Hubbard* factors). Here, every *Hubbard* factor points in favor of sealing the case.

***First*, there is no need for public access to this action during the brief pre-freeze interval for which sealing is sought.** The public's generalized interest in access is fully served by unsealing once the temporary restraining order is in place, which Sealed Plaintiff commits to seek promptly. During the short window before the freeze takes effect, public access serves no

informational interest and would actively defeat the proceeding it purports to illuminate. The relevant inquiry is the public's interest in the specific information withheld, not its connection to any broader matter of public attention. *See In re Chodiev*, No. 1:18-MC-13, 2021 WL 1795423, at *4 (D.D.C. Mar. 23, 2021) (discussing *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021))(courts must "evaluate the public's interest in the specific information being withheld, and not the sealed document's broader connection to other newsworthy matters"), report and recommendation adopted, No. CV 18-MC-13, 2021 WL 6805642 (D.D.C. May 7, 2021).

***Second*, there has been no previous public access to this action or to the confidential information on which it rests.** The case is being initiated under seal; nothing in it has been publicly docketed. *See Hubbard*, 650 F.2d at 318–19 (contents were not made public until the court's unsealing order). The specific facts withheld, including the parties' identities, the assets at issue, and the investigative methods used to trace them, have not been the subject of any public filing. *See Cable News Network*, 984 F.3d at 119 (the relevant question is whether the public has "previously accessed" the specific information withheld).

***Third*, no one has objected to sealing, and the only interests in disclosure belong to Sealed Plaintiff itself.** *See Hubbard*, 650 F.2d at 319. It is Sealed Plaintiff whose property was stolen and who would benefit from placing a spotlight on the perpetrators. The fact that Sealed Plaintiff moves to seal the case, *despite* that countervailing interest in disclosure, weighs in favor of sealing. *See Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) ("The fact that a party moves to seal the record weighs in favor of the party's motion.").

***Fourth*, sealing protects substantial property and privacy interests.** It protects Sealed Plaintiff's confidential business information, including the non-public findings and forensic methods of the investigation Sealed Plaintiff commissioned. *See* LeBlanc Decl. ¶ 11; *see also True*

*the Vote, Inc. v. IRS*, No. 13-cv-734, 2024 WL 2803332, at *9 (D.D.C. May 31, 2024) ("Valid privacy and property interests are not limited to personal details, but may also include confidential business information."). And it protects Sealed Plaintiff's property interest in the assets at issue, which will almost certainly be further obfuscated if the action is disclosed before the Court can act. *See* LeBlanc Decl. ¶¶ 5, 9.

***Fifth*, public filing would severely prejudice Sealed Plaintiff by defeating the very relief it seeks.** The John Doe Defendants currently controlling the relevant crypto wallets are anonymous, and the assets at issue can be moved instantaneously, which would make them increasingly difficult to trace over time. Courts have repeatedly recognized that notifying defendants of proceedings to freeze their assets creates a "potential for asset flight" given the ability to "transfer funds or assets instantaneously." *Lopez Bello v. Smith*, 651 F. Supp. 3d 20, 40 n.5 (D.D.C. 2022), *aff'd sub nom. Bello v. Gacki*, 94 F.4th 1067 (D.C. Cir. 2024). Public disclosure that Sealed Plaintiff has sued and seeks to freeze traceable assets would notify the Defendants and those acting in concert with them, triggering an immediate and potentially untraceable flight of the assets.

***Sixth*, sealing accords with the purpose for which this action and its supporting materials are presented.** The sealed materials are submitted to secure emergency relief freezing identified assets before they can be moved beyond the Court's power to reverse. That purpose can be achieved only by sealing the action until the freeze is effectuated.

**2. The seal should remain in place only until the temporary restraining order is effectuated.**

The relief Sealed Plaintiff requests is self-limiting. The need for secrecy exists only until the temporary restraining order is entered and effectuated, the point at which the assets are frozen. Once that occurs, the action can be unsealed and proceed on the public docket. Sealed Plaintiff

therefore requests that the action remain sealed only until the temporary restraining order has been entered and given effect, at which time Sealed Plaintiff will promptly move to unseal and to proceed publicly with narrowly tailored redactions limited to the sensitive identifiers and forensic methods.[1] Courts have approved precisely this sequence in materially identical asset-freeze actions. *See Mercola v. Varghese*, No. 1:25-cv-04355, ECF No. 10 (S.D.N.Y. May 30, 2025) (Kaplan, J.) (case sealed until effectuation of the temporary restraining order, then subsequent filings redacted under Rule 5.2); *SEC v. Lawrence*, No. 2:23-cv-00550, ECF No. 18 (E.D. Wis. May 10, 2023) (Pepper, C.J.) (case unsealed once the plaintiff advised that sealing was no longer necessary). Sealing the case thus reflects the least restrictive means of protecting the assets, and it is strictly time-limited. *See Hardaway*, 843 F.3d at 981.

**3. The Court should grant leave from Local Rule 7(m) Because Pre-Filing Consultation with the Doe Defendants Would Defeat the Purpose of Sealing**

District courts possess "broad discretion" over the administration and enforcement of their local rules, *Puerto Rico Am. Ins. Co. v. Rivera-Vazquez*, 603 F.3d 125, 132 (1st Cir. 2010), and may excuse a party's non-compliance with procedural requirements "for equitable reasons," *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024). Accordingly, courts in this District routinely grant leave from procedural requirements upon a showing of good cause. *See, e.g.*, *All. for Retired*

[1] Because the purpose of this Motion would be defeated if the Motion and the case-initiating papers were placed on the public docket upon a denial, Sealed Plaintiff respectfully requests that, should the Court be disinclined to grant the relief sought, the Court maintain this Motion, the Complaint, the TRO Motion, and all supporting papers under temporary seal and afford Sealed Plaintiff a brief opportunity to be heard, to propose a narrower form of relief, to seek review, or to withdraw the papers before any portion of the action is made public. This modest protection imposes no burden on the public, which has had no prior access to any of these materials, and ensures that the act of *seeking* a seal does not itself accomplish the disclosure the seal is meant to prevent. *See Doe v. Blinken*, No. 1:24-cv-03549, ECF No. 3 (D.D.C. Jan. 6, 2025) (Boasberg, C.J.) (directing that the supporting declaration remain under seal and setting a short period for further public filing).

*Americans v. Bessent*, No. CV 25-313, 2025 WL 1744617, at *2 (D.D.C. Feb. 11, 2025) (granting leave to supplement the record based on "good cause").

The rationale for doing so here is compelling. There is an urgent need for emergency relief to effectuate the recovery of the stolen cryptocurrency assets. *See* LeBlanc Decl. ¶ 5. And as discussed above, providing notice to the Sealed Defendants would be severely prejudicial because it would trigger an immediate transfer of assets out of the accounts to which they have been traced, to other owners who will be even harder to identify. *Id.* ¶¶ 8–9.

In these circumstances, adhering to Local Rule 7(m)'s meet and confer requirement would produce the same severely prejudicial consequences that Sealed Plaintiff seeks to avoid. Not only does Sealed Plaintiff not know the identities of the anonymous John Doe Defendants who control the cryptocurrency wallets where Sealed Plaintiff's stolen assets have been traced, but engaging them before the TRO has been entered would undermine the very relief sought. Accordingly, the Court should grant leave from Local Rule 7(m) and seal the case.

For the foregoing reasons, Sealed Plaintiff requests that the Court grant this Motion for Leave to file the case under seal.

Dated: June 18, 2026

Respectfully submitted,

Travis LeBlanc

Travis LeBlanc (DC Bar # 496844)
Brian E. Nelson (DC Bar # 978426)
(*Pro Hac Vice Forthcoming*)
Carlton Forbes (DC Bar # 1656612)
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, District of Columbia 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: tleblanc@cooley.com
Email: brian.nelson@cooley.com
Email: cforbes@cooley.com

William Pao (*Pro Hac Vice Forthcoming*)
Jonathan Waxman (*Pro Hac Vice Forthcoming*)
Cooley LLP
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
wpao@cooley.com
jwaxman@cooley.com

*Attorneys for Sealed Plaintiff*