**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BYBIT TECHNOLOGY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA; DPRK RECONNAISSANCE GENERAL BUREAU; LAZARUS GROUP; and JOHN DOES 1-20,<br><br>Defendants. | Case No. |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION TO EXPEDITE DISCOVERY**

Upon consideration of Plaintiff Bybit Technology Limited's ("Bybit") Motion for a Temporary Restraining Order and Motion to Expedite Discovery (collectively, "Motion"), and for good cause shown, it is hereby ORDERED that the Motion is GRANTED.

**Temporary Restraining Order ("TRO")**

The Court finds that immediate injunctive relief is necessary to preserve the status quo, prevent further dissipation of assets, and enable Plaintiff to serve Defendants and third parties with notice of this action.

Plaintiff has demonstrated a likelihood of success on the merits of its claims, including claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, as well as common-law claims for conversion, unjust enrichment, fraud, replevin, tortious interference with contractual relations, and imposition of a constructive trust.

Plaintiff has shown that it will suffer irreparable harm absent immediate injunctive relief, including the potential permanent loss of stolen assets and inability to recover funds due to further

obfuscation. The balance of equities favors Plaintiff, as Defendants have no legitimate claim to the stolen assets and would suffer no undue burden from being restrained from further dissipation.

The public interest supports the issuance of a TRO to prevent further misuse of stolen digital assets and to deter similar fraudulent conduct.

The identities of Defendants are currently unknown, and notice is impracticable. Plaintiff has certified its efforts to identify and notify Defendants and has demonstrated that immediate and irreparable injury will result before Defendants can be heard in opposition.

Based on the allegations in the Complaint, together with the sworn statements verifying the facts alleged, the Court CONCLUDES that Plaintiff has demonstrated that the balance of equities favors granting a TRO. The court finds that the balance of equities favors Plaintiff because Defendants have no lawful claim to the stolen assets and would suffer no legitimate hardship from being restrained from further transferring or concealing them. In contrast, Plaintiff faces the imminent risk of permanent loss of more than $64 million in digital assets that are currently traceable but not yet frozen along with the $75.5 million in funds that is susceptible to being released from freezes if injunctive relief is not granted.

Based on the allegations in the Complaint, together with the sworn statements verifying the facts alleged, the Court further CONCLUDES that Plaintiff has demonstrated that the public interest is favored by granting a TRO. The Court further finds that the public interest supports issuance of a TRO to prevent continued misuse of stolen funds and to deter similar fraudulent schemes. Enjoining Defendant's conduct reinforces the integrity of digital asset markets and prevents a foreign, nuclear armed terrorist state from profiting off its theft.

It is therefore ORDERED that:

Effective immediately and until further order of the Court, Defendants John Does 1—20, and all persons acting in active concert or participation with them, are:

1) **Enjoined** from transferring, dissipating, concealing, or otherwise disposing of any digital assets traceable to the theft described in Plaintiff's motion, and any assets directly or indirectly derived from, traceable to, or exchanged for that cryptocurrency, including any converted, substituted, or commingled proceeds thereof, to the extent traceable to the cryptocurrency identified in Exhibit A;
2) **Ordered** to preserve all digital assets currently held in the wallets and accounts identified in the Motion and supporting declarations; and are
3) **Subject** to notice of this order being provided to third-party platforms and exchanges that may hold or control assets associated with Defendants, pursuant to Federal Rule of Civil Procedure 65(d)(2).

It is further ordered that this injunction shall remain in effect until further order of the Court, pending a hearing on Plaintiff's application for a preliminary injunction, which shall be set for _____, 2026 at _____a.m./p.m.

It is further ordered that that notice to Defendants is not required prior to issuance of this Temporary Restraining Order. Defendants are anonymous actors who have actively concealed their identities and are engaged in ongoing efforts to move and launder stolen digital assets. Plaintiff has demonstrated that it is unable to identify or locate Defendants for the purpose of providing notice. Further, providing notice may cause Defendants to dissipate assets, causing irreparable harm to Plaintiff. Under Rule 65(b)(1), the Court concludes that immediate and irreparable injury will result before Defendants can be heard in opposition, and that the circumstances justify issuance of this Order without notice.

**Expedited Discovery**

Having considered Plaintiff's Motion for Expedited Discovery, and good cause appearing, the Court finds that:

1) Plaintiff has demonstrated that expedited discovery is necessary to identify the unknown Defendants responsible for the alleged theft of digital assets.

2) Plaintiff has shown that seeking information from cryptocurrency exchanges and service providers that may possess identifying information about Doe Defendants and the methods used, is narrowly tailored, relevant to Plaintiff's claims, and essential to advancing the case.

3) The balance of equities favors granting limited early discovery, and the request is not unduly prejudicial to any party.

IT IS HEREBY ORDERED THAT:

1) Plaintiff is granted leave to serve expedited discovery on third-party entities identified in its motion, including cryptocurrency exchanges and blockchain service providers, for the purpose of:

    a. Identifying the individuals or entities responsible for the alleged attack and theft of digital assets; and

    b. Obtaining information relevant to the location, movement, and current status of the stolen assets.

2) Each subpoena recipient shall have fourteen (14) days from the date of service to object to or move to quash the subpoena.

3) Plaintiff may use any information obtained through this expedited discovery solely for the purpose of identifying and prosecuting its claims against the Doe Defendants in this action.

IT IS SO ORDERED.

Dated: ______________________

______________________________
The Honorable
United States District Judge