**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BYBIT TECHNOLOGY LIMITED,**<br>    **Plaintiff,**<br><br>    v.<br><br>**DEMOCRATIC PEOPLE'S REPUBLIC**<br>**OF KOREA, et al.,**<br>    **Defendants.** | **Civil Action No. 26-2173 (JDB)** |

<u>**ORDER**</u>

Upon consideration of [3] plaintiff's motion for a TRO and expedited discovery, and the entire record herein, it is hereby **ORDERED** that the motion for a TRO is **GRANTED**.  Plaintiff has demonstrated that it is likely to succeed on the merits of its claims and will suffer an irreparable injury absent relief because defendants will likely move the money at issue beyond the reach of this jurisdiction.  This order is issued without notice to avoid giving defendants—alleged to be international cyber criminals—an opportunity to evade the law.  This order shall take effect at 5:00 p.m. Eastern Time on June 19, 2026.  It is further **ORDERED** that

- Defendants John Does 1-20 and all persons acting in active concert or participation with them are hereby **ENJOINED** from transferring, dissipating, concealing, or otherwise disposing of any digital assets traceable to the February 21, 2025, theft of cryptocurrency from Bybit, and any assets directly or indirectly derived from, traceable to, or exchanged for that cryptocurrency, including any converted, substituted, or commingled proceeds thereof, to the extent traceable to the cryptocurrency identified in Exhibit A (attached hereto).  It is further **ORDERED** that

1

- Defendants John Does 1-20 and all persons acting in active concert or participation with them shall preserve all digital assets currently held in the wallets and accounts identified in Exhibit A.  It is further **ORDERED** that

- Defendants John Does 1-20 and all persons acting in active concert or participation with them are subject to notice of this order being provided to third-party platforms and exchanges that may hold or control assets associated with the John Doe defendants, pursuant to Federal Rule of Civil Procedure 65(d)(2).  It is further **ORDERED** that

- This order shall remain in effect until 5:00 p.m. Eastern Time on July 2, 2026, absent further order of the Court.  It is further **ORDERED** that

- Notice to defendants is not required prior to issuance of this order.

It is also hereby **ORDERED** that the motion for expedited discovery is **GRANTED**.  It is further **ORDERED** that

- Plaintiff is granted leave to serve expedited discovery on the cryptocurrency exchanges and any other third-party custodians identified in Exhibit A (column for "Entity, Exchange, or Individual") (hereinafter "cryptocurrency exchanges") for the purpose of identifying the John Doe defendants who operate those pseudonymous wallet addresses (column for "Destination Wallet Address") so that plaintiff can amend its complaint to name them, effectuate formal service of process, and obtain information about the location, movement, and current status of stolen assets.  It is further **ORDERED** that

- Plaintiff may seek all account-opening documentation, KYC/AML records, and identity-verification materials associated with the wallet addresses listed in Exhibit A.  Plaintiff may also seek the complete transaction records, as well as records related to the balances and open positions of those accounts.  It is further **ORDERED** that

- A copy of this order shall be attached to any subpoenas.  It is further **ORDERED** that

- Plaintiff may use any information obtained through this expedited discovery solely for the purpose of identifying and prosecuting its claims against the John Doe defendants in this action.  It is further **ORDERED** that

- The cryptocurrency exchanges and any other third-party custodians identified in Exhibit A shall have fourteen (14) days from the respective date of service of a subpoena upon them to object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).  It is further **ORDERED** that

- If an objection is served, the cryptocurrency exchanges shall preserve any material responsive to the subpoena for a period of no less than ninety days to allow plaintiff to move for an order compelling production under Federal Rule of Civil Procedure 45(d)(2)(B)(i).

It is also hereby **ORDERED** that Bybit may disclose the existence of this matter, the complaint, and this memorandum opinion and order for purposes of serving defendants and providing notice to the cryptocurrency exchanges and other third-party custodians identified in Exhibit A.  All other filings and orders in this case shall otherwise remain **UNDER SEAL** until further order of the Court.

  **SO ORDERED**.

/s/

JOHN D. BATES
United States District Judge

Date: <u>June 19, 2026</u>

3