**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

BYBIT TECHNOLOGY LIMITED,
    Plaintiff,

    v.

DEMOCRATIC PEOPLE'S REPUBLIC
OF KOREA, et al.,
    Defendants.

**Civil Action No. 26-2173 (JDB)**

---

## ORDER

Before the Court now is plaintiff's proposed schedule requesting that the Court extend the temporary restraining order (TRO) currently set to expire on July 2, 2026, at 5:00pm ET, by two weeks to provide plaintiff with sufficient time to provide notice to and eventually serve the temporarily enjoined Doe defendants. See Proposed Schedule 2-3, Dkt. 17. Plaintiff further asks that the Court convert plaintiff's motion for a TRO into a motion for a preliminary injunction and informs the Court that it intends to provide notice to the Doe defendants through the cryptocurrency exchanges and other custodians hosting the wallets at issue. See id. at 3-5.

The Court finds that good cause exists to extend the TRO by two weeks because many of the custodians of the Does' wallets are located abroad—some with limited publicly available contact information—and because the Does are anonymous. See Fed. R. Civ. P. 65(b)(2) (authorizing 14-day extension to TRO for good cause provided that reasons for extension are entered in record). Plaintiff needs more time to serve discovery requests on the custodians and then obtain information about the Does to in turn provide the Does with notice of this suit. See id. 65(a)(1) (requiring notice to adverse party before issuing preliminary injunction). Any objections

1

to the subpoenas by the custodians would slow this process down further.  See Order 3, Dkt. 6 (giving custodians 14 days from receipt of subpoena to object).

The Court will also construe plaintiff's motion for a TRO as a motion for a preliminary injunction.  See, e.g., Cook v. Trump, 804 F. Supp. 3d 14, 17 (D.D.C. 2025) (noting that standard for TRO is same as for preliminary injunction and so construing TRO motion).

Without knowing how plaintiff intends that the custodians provide the Does with notice of this suit, the Court reserves judgment on the adequacy of such notice.  Contrast Sterling Com. Credit—Michigan LLC v. Phoenix Indus. I, LLC, 762 F.Supp.2d 8, 13-14 (D.D.C. 2011) (finding notice inadequate in case with four defendants where plaintiff's Local Rule 65.1 certificate showed at best notice by email to one defendant and by voicemail to another), with Legacy Invs. Holdings, LLC v. Does 1-20, Civ. A. No. 25-8800, 2025 WL 2988640, at *4-5 (N.D. Cal. Oct. 23, 2025) (setting out detailed instructions for alternative service via non-fungible token).[1]

* * *

Upon consideration of [17] plaintiff's proposed schedule and the entire record herein, it is hereby **ORDERED** that the following schedule shall govern further proceedings in this case:

- Plaintiff shall provide notice of this case to Doe defendants by not later than July 6, 2026;

- Any opposition to the preliminary injunction motion shall be filed by not later than July 10, 2026;

- Plaintiff shall file any reply, or a status report on efforts to provide notice to and serve the Doe defendants, by not later than July 13, 2026;

---

[1] The Court notes that formal service would be sufficient to constitute notice but may not be necessary.  Cf. Fed. R. Civ. P. 65 advisory comm. notes to 1966 amend. (explaining in TRO context that "informal notice . . . is to be preferred to no notice at all"); id. 65(d)(2) (explaining that a preliminary injunction or TRO binds those "who receive actual notice of it by personal service or otherwise" (emphasis added)).

- The temporary restraining order entered on June 19, 2026, at 5:00pm ET is extended by 14 days and shall expire on July 16, 2026 at 5:00pm ET.

  **SO ORDERED**.

  /s/
  _____
  JOHN D. BATES
  United States District Judge

Date: June 30, 2026