# Appendix

# Exhibit A to the TRO

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Binance | 2 | BTC | |
| Binance | 0.5 | BTC | |
| Binance | 0.0591 | BTC | |
| Binance | 0.0496 | BTC | |
| Binance | 25000 | USDT | |
| Binance | 65484 | USDT | |
| Binance | 13947 | USDT | |
| Binance | 28948 | USDT | |
| Binance | 26587 | USDT | |
| Binance | 20000 | USDT | |
| Binance | 33123 | USDT | |
| Binance | 31337.52 | USDT | |
| Bitget | 0.1005 | ETH | |
| Bitget | 222413 | USDT | |
| Bitget | 111000 | USDT | |
| Bitget | 19900 | USDT | |
| BitMart | 1137000 | USDT | |
| Bittime | 260000 | USDT | |
| Bridgers | 6.7998 | BTC | |
| Bridgers | 0.5003 | BTC | |
| Bridgers | 0.4 | BTC | |
| Bridgers | 40000 | DAI | |
| Bridgers | 71.29 | ETH | |
| Bridgers | 668 | SOL | |
| Bridgers | 4990 | TRX | |
| Bridgers | 95055.5663 | USDT | |
| BTCTurk.com | 0.0247 | BTC | |
| Chainflip | 308000 | USDT | |
| Changelly | 0.602 | BTC | |
| Changelly | 1.5 | BTC | |
| Changelly | 0.2541 | BTC | |
| Changelly | 2 | BTC | |
| Changelly | 0.898 | BTC | |
| Changelly | 0.01 | BTC | |
| Changelly | 0.999 | BTC | |
| Changelly | 0.078 | BTC | |
| Changelly | 13 | ETH | |
| Changelly | 2.36 | ETH | |
| Changelly | 2.58 | ETH | |
| Changelly | 2.21 | ETH | |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Changelly | 2.31 | ETH | |
| Changelly | 2.43 | ETH | |
| Changelly | 3.7308 | ETH | |
| ChangeNOW | 34.0012 | ETH | |
| Circle | 338047.3754 | USDC | |
| Circle | 6141.5192 | USDC | |
| Circle | 282593 | USDC | |
| Coinbase | 0.0312 | BTC | |
| Coinbase | 7.97 | cbBTC | |
| Coinrise | 5,642,077 | USDT | |
| Coinrise | 32,239,327 | USDT | |
| Crypto.com | 0.0178 | BTC | |
| Crypto.com | 0.0143 | BTC | |
| Crypto.com | 0.2547 | BTC | |
| Exness | 99990 | USDT | |
| Gate.io | 1.00872 | BTC | |
| Gate.io | 0.12913 | BTC | |
| Gate.io | 0.6098 | BTC | |
| Gate.io | 0.04926 | BTC | |
| Gate.io | 1.99998 | BTC | |
| Gate.io | 0.10091 | BTC | |
| Gate.io | 0.18175 | BTC | |
| Gate.io | 0.42232 | BTC | |
| Gate.io | 0.019056894 | ETH | |
| Gate.io | 12.62 | ETH | |
| Gate.io | 25 | ETH | |
| Gate.io | 1.12417 | ETH | |
| Gate.io | 1 | ETH | |
| Gate.io | 32000 | TRX | |
| Gate.io | 54.587735 | USDC | |
| Gate.io | 52650 | USDC | |
| Gate.io | 54050 | USDC | |
| Gate.io | 98000 | USDT | |
| Gate.io | 48393 | USDT | |
| Gate.io | 7481 | USDT | |
| Gate.io | 33823 | USDT | |
| Gate.io | 106000 | USDT | |
| Gate.io | 7003 | USDT | |
| Gate.io | 99986 | USDT | |
| Gate.io | 1000 | USDT | |
| Gate.io | 20520 | USDT | |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Gate.io | 99999 | USDT | |
| Gate.io | 666 | USDT | |
| Heleket | 0.05 | BTC | |
| HTX | 0.0046 | BTC | |
| HTX | 0.0073 | BTC | |
| HTX | 0.0122 | BTC | |
| HTX | 0.1758 | BTC | |
| HTX | 0.012 | BTC | |
| HTX | 0.0085 | BTC | |
| HTX | 52050 | USDC | |
| HTX | 51650 | USDC | |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | |
| HTX | 33500 | USDT | |
| HTX | 22818 | USDT | |
| HTX | 6674 | USDT | |
| HTX | 51916.0081 | USDT | |
| Kanga.exchange | 0.0164 | BTC | |
| Kraken | 0.351 | BTC | |
| Kucoin | 0.6958 | BTC | |
| Kucoin | 0.635721 | BTC | |
| Kucoin | 28 | ETH | |
| Kucoin | 955385 | USDT | |
| MaskEX | 4 | BTC | |
| MaskEX | 172482.3446 | USDT | |
| Matrixport | 0.0305 | BTC | |
| MEXC | 0.0057 | BTC | |
| MEXC | 0.1 | BTC | |
| MEXC | 0.161 | BTC | |
| MEXC | 98245.2813 | USDT | |
| MEXC | Amount Uncertain (8503 across 2 wallets) | USDT | |

3

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| MEXC | Amount Uncertain (8503 across 2 wallets) | USDT | |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | |
| MEXC | 7006 | USDT | |
| N.Exchange | 56.1921 | ETH | |
| Nexo.io | 0.61 | BTC | |
| Nexo.io | 0.0244 | BTC | |
| OKX | Amount Uncertain | | |
| OKX | 0.004 | BTC | |
| OKX | Amount Uncertain (0.098 across 2 wallets) | BTC | |
| OKX | Amount Uncertain (0.098 across 2 wallets) | BTC | |
| OKX | 0.11157484 | BTC | |
| OKX | 0.2 | BTC | |
| OKX | 47.07686463 | ETH | |
| OKX | 342841 | USDT | |
| OKX | 1582 | USDT | |
| OKX | 380 | USDT | |
| OKX | 42800 | USDT | |
| OKX | 82384.95945 | USDT | |
| OKX | 144300.9 | USDT | |
| OKX | 93493 | USDT | |
| OKX | 46035 | USDT | |
| OKX | 835513.9238 | USDT | |
| Poloniex | 0.45 | BTC | |
| Poloniex | 0.45 | BTC | |
| Poloniex | 0.45 | BTC | |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Quickex (Kucoin) | 0.0312 | BTC | |
| Quickex (Kucoin) | 0.2284 | BTC | |
| Shakepay | 0.0249 | BTC | |
| Shakepay | 0.0216 | BTC | |
| ShapeBTC | 30000 | USDC | |
| Swapkit | 82.8399 | ETH | |
| Swapkit | 9.98 | ETH | |
| Swapkit | 5 | ETH | |
| Swapkit | 11 | ETH | |
| Tether | 416441 | USDT | |
| Tether | 200000 | USDT | |
| Tether | 336000 | USDT | |
| Tether | 202005 | USDT | |
| Tether | 311335 | USDT | |
| Tether | 12100 | USDT | |
| Tether | 197997 | USDT | |
| Tether | 428876.92 | USDT | |
| Tether | 109498.29 | USDT | |
| Tether | 106000 | USDT | |
| Tether | 1842868.63 | USDT | |
| Tether | 97389.26 | USDT | |
| Tether | 998947.1 | USDT | |
| Tether | 186424.7 | USDT | |
| Tether | 80674.1 | USDT | |
| Tether | 49249 | USDT | |
| Tether | 208428 | USDT | |
| Tether | 10000 | USDT | |
| Tether | 1013150 | USDT | |
| Tether | 1923.48 | USDT | |
| Tether | 16621 | USDT | |
| Tether | 33139 | USDT | |
| Tether | 39118.94 | USDT | |
| Tether | 254445.5 | USDT | |
| Tether | 65223 | USDT | |
| Tether | 30250.96 | USDT | |
| Tether | 222822.11 | USDT | |
| Tether | 443508.01 | USDT | |
| Tether | 858.19 | USDT | |
| Tether | 1906.84 | USDT | |
| Tether | 40467 | USDT | |
| Tether | 33726.89 | USDT | |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Tether | 49833.51858 | USDT | |
| Tether | 39259.75565 | USDT | |
| Tether | 39278.33171 | USDT | |
| Tether | 39296.98243 | USDT | |
| Tether | 158626 | USDT | |
| Tether | 88000 | USDT | |
| Tether | 347782.7 | USDT | |
| Tether | 1328125 | USDT | |
| Tether | 173 | USDT | |
| Tether | 1421609 | USDT | |
| Tether | 561502.1 | USDT | |
| Tether | 536714 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | 221475.9 | USDT | |
| Tether | 41765.21 | USDT | |
| Tether | 1080000 | USDT | |
| Tether | 116318 | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | |
| Tether | 400996.7 | USDT | |
| Tether | 181186.9 | USDT | |
| Tether | 162063.2 | USDT | |
| Tether | 246230.1 | USDT | |
| Tether | 1079953 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | Amount Uncertain (1500001 across 2 wallets) | USDT | |
| Tether | Amount Uncertain (1500001 across 2 wallets) | USDT | |
| Tether | Amount Uncertain (300000 across 2 wallets) | USDT | |
| Tether | Amount Uncertain (300000 across 2 wallets) | USDT | |
| Tether | 440000 | USDT | |
| Tether | 180820.5 | USDT | |
| Tether | 44983 | USDT | |
| Tether | 271905.2 | USDT | |
| Wong Ki Fung | 748,000 | USDT | |

7

# Exhibit 1 to the
# Renewed Motion for TRO

**EXHIBIT 1**

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Binance | 2 | BTC | |
| Binance | 0.5 | BTC | |
| Binance | 0.0591 | BTC | |
| Binance | 0.0496 | BTC | |
| Binance | 25000 | USDT | |
| Binance | 65484 | USDT | |
| Binance | 13947 | USDT | |
| Binance | 28948 | USDT | |
| Binance | 26587 | USDT | |
| Binance | 20000 | USDT | |
| Binance | 33123 | USDT | |
| Binance | 31337.52 | USDT | |
| Bittime | 260000 | USDT | |
| Bridgers | 6.7998 | BTC | |
| Bridgers | 0.5003 | BTC | |
| Bridgers | 0.4 | BTC | |
| Bridgers | 40000 | DAI | |
| Bridgers | 71.29 | ETH | |
| Bridgers | 668 | SOL | |
| Bridgers | 4990 | TRX | |
| Bridgers | 95055.5663 | USDT | |
| BTCTurk.com | 0.0247 | BTC | |
| Chainflip | 308000 | USDT | |
| Changelly | 0.602 | BTC | |
| Changelly | 1.5 | BTC | |
| Changelly | 0.2541 | BTC | |
| Changelly | 2 | BTC | |
| Changelly | 0.898 | BTC | |
| Changelly | 0.01 | BTC | |
| Changelly | 0.999 | BTC | |
| Changelly | 0.078 | BTC | |
| Changelly | 13 | ETH | |
| Changelly | 2.36 | ETH | |
| Changelly | 2.58 | ETH | |
| Changelly | 2.21 | ETH | |
| Changelly | 2.31 | ETH | |
| Changelly | 2.43 | ETH | |
| Changelly | 3.7308 | ETH | |
| Exness | 99990 | USDT | |
| Heleket | 0.05 | BTC | |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| HTX | 0.0046 | BTC | |
| HTX | 0.0073 | BTC | |
| HTX | 0.0122 | BTC | |
| HTX | 0.1758 | BTC | |
| HTX | 0.012 | BTC | |
| HTX | 0.0085 | BTC | |
| HTX | 52050 | USDC | |
| HTX | 51650 | USDC | |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | |
| HTX | 33500 | USDT | |
| HTX | 22818 | USDT | |
| HTX | 6674 | USDT | |
| HTX | 51916.0081 | USDT | |
| Kanga.exchange | 0.0164 | BTC | |
| Kraken | 0.351 | BTC | |
| Kucoin | 0.6958 | BTC | |
| Kucoin | 0.635721 | BTC | |
| Kucoin | 28 | ETH | |
| Kucoin | 955385 | USDT | |
| Matrixport | 0.0305 | BTC | |
| Nexo.io | 0.61 | BTC | |
| Nexo.io | 0.0244 | BTC | |
| Poloniex | 0.45 | BTC | |
| Poloniex | 0.45 | BTC | |
| Poloniex | 0.45 | BTC | |
| ShapeBTC | 30000 | USDC | |
| Tether | 416441 | USDT | |
| Tether | 200000 | USDT | |
| Tether | 336000 | USDT | |
| Tether | 202005 | USDT | |
| Tether | 311335 | USDT | |
| Tether | 12100 | USDT | |
| Tether | 197997 | USDT | |
| Tether | 428876.92 | USDT | |

2

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Tether | 109498.29 | USDT | |
| Tether | 106000 | USDT | |
| Tether | 1842868.63 | USDT | |
| Tether | 97389.26 | USDT | |
| Tether | 998947.1 | USDT | |
| Tether | 186424.7 | USDT | |
| Tether | 80674.1 | USDT | |
| Tether | 49249 | USDT | |
| Tether | 208428 | USDT | |
| Tether | 10000 | USDT | |
| Tether | 1013150 | USDT | |
| Tether | 1923.48 | USDT | |
| Tether | 16621 | USDT | |
| Tether | 33139 | USDT | |
| Tether | 39118.94 | USDT | |
| Tether | 254445.5 | USDT | |
| Tether | 65223 | USDT | |
| Tether | 30250.96 | USDT | |
| Tether | 222822.11 | USDT | |
| Tether | 443508.01 | USDT | |
| Tether | 858.19 | USDT | |
| Tether | 1906.84 | USDT | |
| Tether | 40467 | USDT | |
| Tether | 33726.89 | USDT | |
| Tether | 49833.51858 | USDT | |
| Tether | 39259.75565 | USDT | |
| Tether | 39278.33171 | USDT | |
| Tether | 39296.98243 | USDT | |
| Tether | 158626 | USDT | |
| Tether | 88000 | USDT | |
| Tether | 347782.7 | USDT | |
| Tether | 1328125 | USDT | |
| Tether | 173 | USDT | |
| Tether | 1421609 | USDT | |
| Tether | 561502.1 | USDT | |
| Tether | 536714 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | 221475.9 | USDT | |
| Tether | 41765.21 | USDT | |
| Tether | 1080000 | USDT | |
| Tether | 116318 | USDT | |

3

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | |
| Tether | 400996.7 | USDT | |
| Tether | 181186.9 | USDT | |
| Tether | 162063.2 | USDT | |
| Tether | 246230.1 | USDT | |
| Tether | 1079953 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | 1000000 | USDT | |
| Tether | Amount Uncertain (1500001 across 2 wallets) | USDT | |

4

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address |
|---|---|---|---|
| Tether | Amount Uncertain (1500001 across 2 wallets) | USDT | ███████████████████ |
| Tether | Amount Uncertain (300000 across 2 wallets) | USDT | |
| Tether | Amount Uncertain (300000 across 2 wallets) | USDT | |
| Tether | 440000 | USDT | |
| Tether | 180820.5 | USDT | |
| Tether | 44983 | USDT | |
| Tether | 271905.2 | USDT | |

5

# July 16, 2026 Status Report

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYBIT TECHNOLOGY LIMITED,**<br><br>            Plaintiff,<br><br>    v.<br><br>**DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA; DPRK RECONNAISSANCE GENERAL BUREAU; LAZARUS GROUP; and JOHN DOES 1-20,**<br><br>            Defendants. | Civil Action No. 1:26-cv-02173 (JDB) |

**PLAINTIFF'S STATUS REPORT**

Bybit Technology Limited ("Bybit") submits this status report pursuant to the Court's July 15, 2026 Order, ECF No. 22 (the "Order") with the following information: (1) which account holders received notice of this action, in what form, and when; (2) the total current value in dollars of assets frozen by custodians in compliance with the Court's order; (3) the total current value in dollars of assets listed in Exhibit A (ECF No. 6-1) but not yet frozen; and (4) the extent to which assets that remain unfrozen despite the Court's order have been voluntarily frozen by custodians and whether there are any indications that any voluntary freezes will imminently be lifted.

**I.      Additional Details Regarding Notice to Account Holders**

For exchanges that confirmed the implementation of freezes in response to this Court's Order, Bybit requested that each exchange notify the relevant account holders of the TRO and the schedule set by the Court's June 30, 2026 Order, ECF No. 18, before July 6, 2026 (or, for exchanges that confirmed implementation after that date, as soon as practicable). Declaration of Carlton Forbes in Support of Status Report (the "Forbes Declaration") ¶ 4. The following exchanges fall into this category: Bitget, BitMart, ChangeNOW, Circle, Coinbase, Crypto.com,

Gate.io, Heleket, MaskEx, Matrixport, MEXC, N. Exchange, Nexo.io, OKX, Quickex, ShakePay, and SwapKit.[1] *See* July 13, 2026 Status Rep., ECF No. 20 at 2–3; Forbes Declaration ¶ 4.

Bybit requested that each exchange transmit the notice to affected account holders through whatever means the exchange ordinarily uses to communicate with account holders (e.g., in-platform notification, email to the address of record, or both). Bybit instructed exchanges that notice should include copies of the (1) Complaint filed by Bybit Technology Limited, and (2) Temporary Restraining Order entered on June 19, 2026. Forbes Declaration ¶ 5. Bybit also requested that the exchanges identify all account holders whose accounts or wallet addresses are subject to the freeze in connection with this matter (including identity and contact information on file for each such account holder such as email), so that Bybit could notify them directly in the event the exchanges declined to notify their users but were willing to share contact information. Forbes Declaration ¶ 6.

***Exchanges providing confirmation of notice to respective account holders***. To date, Bybit has received the following confirmations regarding notice through the exchanges:

- BitMart confirmed on July 6, 2026 that it transmitted notice to its relevant account holder to an email address registered by the account holder.

- Coinbase confirmed on July 6, 2026 that it transmitted notice to its relevant account holder.

- Crypto.com confirmed on July 9, 2026 that it transmitted notice to its relevant account holders to email addresses registered by the account holders.

Forbes Declaration ¶ 7.

---

[1] Following submission of the July 13, 2026 Status Report, ECF No. 20, Bybit received confirmations from three additional exchanges that they had implemented freezes: Heleket, Matrixport, and Nexo.io.

*Exchanges that provided Bybit contact information for account holders, whom Bybit contacted directly*. The following exchanges provided Bybit with contact information for account holders, whom Bybit then contacted directly by email on the following dates: MaskEx (July 9, 2026), MEXC (July 12, 2026), Quickex (July 12, 2026), Nexo.io (July 15, 2026). Forbes Declaration ¶ 8.

*Exchanges that have implemented freezes but have not notified all account holders*. Three entities—Circle, ChangeNOW, and SwapKit—represented to Bybit that they do not have the ability to notify account holders or users relevant to this matter. *See* July 13, 2026 Status Rep., ECF No. 20, at 4 n. 3; Forbes Declaration ¶ 9. Two additional exchanges since the time Bybit filed its July 13 Status Report have implemented freezes but have declined to provide notice to account holders: Heleket and Matrixport. Forbes Declaration ¶ 10. For all five exchanges or entities in this section (Circle, ChangeNOW, Heleket, Matrixport, and SwapKit), Bybit intends to serve the relevant wallet addresses via non-fungible token once the matter is unsealed. *See* July 13, 2026 Status Rep., ECF No. 20, at 4 n. 3; Forbes Declaration ¶ 11.

*Account holder indicating intent to challenge the TRO*. To date, only one account holder has responded to Bybit's inquiries. This account holder purports to control the following wallet address: ███████████████████████████ associated with Nexo.io. This wallet holds .61 BTC ($39,623). The account holder received notice on July 15, immediately after Nexo.io provided Bybit with the individual's contact information. Bybit is currently conducting additional diligence on this individual to determine whether the individual is one of the John Doe

Defendants and whether to oppose the account holder's challenge or voluntarily remove this individual from the scope of Bybit's request for preliminary relief.  Forbes Declaration ¶ 12.

*Exchanges that have not effectuated asset freezes and have not notified account holders.* As the Court noted in its June 19, 2026 Order, providing notice to account holders before a freeze is implemented risks irreparable injury because defendants will likely move the assets beyond the Court's reach. ECF No. 6 at 1. Bybit therefore has not notified account holders where exchanges have not yet implemented full freezes. *See* July 13, 2026 Status Rep., ECF No. 20 at 5–6. These exchanges and account holders are subject to Bybit's Motion for a Renewed TRO. *See* Pl's Mot. for Renewed TRO, ECF No. 21; Exhibit 1 to Mot. for Renewed TRO.

## II.      Total Current Dollar Value of Frozen Assets Pursuant to this Court's Order

The following 17 exchanges have implemented account freezes in compliance with the Court's TRO.[2]

| Exchange | Approx. Amount Frozen |
|---|---|
| Bitget | $353,256 |
| BitMart | $1,136,204 |
| ChangeNOW | $64,245 |
| Circle | $626,719 |
| Coinbase | $518,548 |
| Crypto.com | $18,629 |
| Gate.io | $1,007,227 |
| Heleket | $3,247 |
| MaskEx[3] | $259,824 |
| Matrixport | $1,981 |
| MEXC | $134,004 |
| N. Exchange | $106,174 |
| Nexo.io | $41,208 |
| OKX | $1,704,033 |
| Quickex | $16,863 |
| ShakePay | $3,020 |

[2] The approximate values set forth below are based on Coin Market Cap closing price on July 14, 2026.

[3] MaskEx represented to Bybit that one of the two wallet addresses is no longer associated with MaskEx; MaskEx has thus frozen one of the wallets.

| SwapKit | $205,613 |
|---|---|
| **Total** | **$ 6,200,796** |

Forbes Declaration ¶ 13.

### III.    Total Current Dollar Value of Assets in Exhibit A (ECF No. 6-1) Not Yet Frozen Pursuant to Court Order and Additional Details Regarding Voluntary Freezes

Bybit continues to attempt to engage with 14 remaining exchanges and custodians reflected in Exhibit A (ECF No. 6-1) that have not yet implemented full account freezes in response to this Court's Order. Some of these exchanges have not yet responded to Bybit's repeated outreach. For the responses Bybit has received, the reasons include that they are not subject to U.S. jurisdiction or that they have voluntary freezes in place through separate processes (none of the exchanges that have made the latter assertion have provided an accounting of which wallets are frozen). Forbes Declaration ¶ 14. The approximate total value of assets identified in Exhibit A (ECF No. 6-1) that Bybit cannot currently confirm have been frozen pursuant to this Court's Order is approximately **$30,962,975.** Forbes Declaration ¶ 15.

Bybit understands that some portion of these funds have been frozen voluntarily by custodians (not in response to this Court's Order). Because certain of these exchanges or custodians have refused to provide Bybit with a specific list of wallets that have been frozen, including Tether (which is associated with approximately $27 million of the approximately $30.9 million assets described in this section), Bybit does not currently have a complete accounting of the wallets that have been frozen voluntarily. Forbes Declaration ¶ 16. Bybit also does not have specific indications of when such exchanges might lift voluntary freezes. Bybit thus remains at risk of immediate and irreparable injury if the assets are unfrozen and Doe Defendants take steps to transfer or dispose of those assets.

Dated: July 16, 2026

Respectfully submitted,

_Travis LeBlanc_

Travis LeBlanc (DC Bar # 496844)
Brian E. Nelson (DC Bar # 978426)
Carlton Forbes (DC Bar # 1656612)
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, District of Columbia 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: tleblanc@cooley.com
Email: brian.nelson@cooley.com
Email: cforbes@cooley.com

William K. Pao
Jonathan B. Waxman
Cooley LLP
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
Email: wpao@cooley.com
Email: jwaxman@cooley.com

*Attorneys for Plaintiff Bybit Technology Limited*

# July 16, 2026 Forbes Declaration

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BYBIT TECHNOLOGY LIMITED,

        Plaintiff,

    v.

DEMOCRATIC PEOPLE'S REPUBLIC OF
KOREA; DPRK RECONNAISSANCE
GENERAL BUREAU; LAZARUS GROUP;
and JOHN DOES 1-20,

        Defendants.

Case No. 26-2173 (JDB)

**DECLARATION OF CARLTON FORBES IN SUPPORT OF PLAINTIFF BYBIT
TECHNOLOGY LIMITED'S STATUS REPORT**

I, Carlton Forbes, declare as follows:

1.     I am counsel at Cooley LLP ("Cooley") and counsel Plaintiff Bybit Technology

Limited ("Bybit") in this action. I am admitted to practice before the United States District Court

for the District of Columbia. I submit this declaration in support of Bybit's Status Report filed

pursuant to the Court's July 15, 2026 Order, ECF No. 22 (the "Order"). I have personal knowledge

of the facts set forth herein, and if called as a witness, I could and would testify competently

thereto.

2.     Bybit is also represented in this matter by counsel at Bird, Marella, Rhow,

Lincenberg, Drooks & Nessim, LLP ("Bird Marella"), who have been in contact with certain

exchanges. Those exchanges are Binance, Bitget, Bittime, BTCTurk.com, ChangeNOW, Circle,

Coinbase, Crypto.com, Exness, Heleket, Kanga.exchange, Kraken, MaskEX, Matrixport, MEXC,

N. Exchange, Nexo.io, OKX, Poloniex, Quickex, ShakePay, ShapeBTC, and SwapKit. My

colleagues and I have received regular updates from Bird Marella regarding those exchanges.

Accordingly, my statements in this declaration are based on my personal knowledge and based in part on updates my Cooley colleagues and I have received from co-counsel at Bird Marella.

**I. Notice to Account Holders**

3.      Within days of the entry of the Temporary Restraining Order on June 19, 2026, my colleagues at Cooley and Bird Marella began contacting each exchange and custodian identified in Exhibit A (ECF No. 6-1) to the Complaint with instructions to implement account freezes pursuant to the Court's Temporary Restraining Order ("TRO") entered June 19, 2026, ECF No. 6. The only two exchanges we did not contact during this period were exchanges where asset freezes were no longer necessary, as those exchanges were already subject to an asset freeze order issued by a Hong Kong court.

4.      For each exchange that confirmed implementation of a freeze, we requested that the exchange notify the relevant account holder(s) of the TRO and the schedule set by the Court's June 30, 2026 Order. We requested that this notice be transmitted before July 6, 2026, or, for exchanges that confirmed implementation after that date, as soon as practicable. The exchanges in this category are: Bitget, BitMart, ChangeNOW, Circle, Coinbase, Crypto.com, Gate.io, Heleket, MaskEx, Matrixport, MEXC, N. Exchange, Nexo.io, OKX, Quickex, ShakePay, and SwapKit.

5.      We instructed each exchange to transmit notice through whatever means the exchange ordinarily uses to communicate with its account holders (e.g., in-platform notification, email to the address of record, or both). We further instructed that notice should include copies of (1) the Complaint filed by Bybit Technology Limited; and (2) the Temporary Restraining Order entered on June 19, 2026.

6.      We also requested that exchanges identify all account holders whose accounts or wallet addresses are subject to the freeze—including identity and contact information on file—so

2

that we could notify them directly in the event an exchange declined to notify its users but was willing to share contact information.

7.    Plaintiff's counsel have received confirmation that the following exchanges transmitted notice directly to the relevant account holders:

- BitMart confirmed to Cooley on July 6, 2026 that it transmitted notice to its relevant account holder to an email address registered by the account holder.

- Coinbase confirmed to Bird Marella as of July 6, 2026 that it transmitted notice to its relevant account holder.

- Crypto.com confirmed to Bird Marella as of July 9, 2026 that it transmitted notice to email addresses registered by its relevant account holders.

8.    The following exchanges provided Bird Marella with contact information for affected account holders, whom Bird Marella then contacted directly by email on the dates indicated: MaskEx (July 9, 2026); MEXC (July 12, 2026); Quickex (July 12, 2026); Nexo.io (July 15, 2026).

9.    Three entities—Circle, ChangeNOW, and SwapKit—represented to Bird Marella that they do not have the ability to notify account holders or users relevant to this matter.

10.    Two additional exchanges that confirmed freezes after the filing of the July 13 Status Report—Heleket and Matrixport—have declined to provide notice to account holders.

11.    For Circle, ChangeNOW, Heleket, Matrixport, and SwapKit, Bybit intends to serve the relevant wallet addresses via non-fungible token once this matter is unsealed.

12.    To date, only one account holder has responded to outreach from the exchanges, Cooley, or Bird Marella. The account holder purports to control the following wallet address: ████████████████████████████, associated with Nexo.io. This wallet holds

3

approximately 0.61 BTC (valued at approximately $39,623 as of July 14, 2026). The account

holder received notice on July 15, immediately after Nexo.io provided Bybit with his contact

information. We are currently conducting additional due diligence on this individual to determine

whether the individual is one of the John Doe Defendants and whether to oppose the account

holder's challenge or voluntarily remove this individual from the scope of Bybit's request for

preliminary relief.

## II. Total Dollar Value of Frozen Assets

13.    The following 17 exchanges have implemented account freezes in compliance with

the Court's TRO. The approximate values set forth below are based on CoinMarketCap closing

prices on July 14, 2026, as obtained by colleagues at Cooley:

| Exchange | Approx. Amount Frozen |
| --- | --- |
| Bitget | $353,256 |
| BitMart | $1,136,204 |
| ChangeNOW | $64,245 |
| Circle | $626,719 |
| Coinbase | $518,548 |
| Crypto.com | $18,629 |
| Gate.io | $1,007,227 |
| Heleket | $3,247 |
| MaskEx[1] | $259,824 |
| Matrixport | $1,981 |
| MEXC | $134,004 |
| N. Exchange | $106,174 |
| Nexo.io | $41,208 |
| OKX | $1,704,033 |
| Quickex | $16,863 |
| ShakePay | $3,020 |
| SwapKit | $205,613 |
| **Total** | **$ 6,200,796** |

---

[1] MaskEx represented to Bybit that one of the two wallet addresses is no longer associated with MaskEx; MaskEx has thus frozen one of the wallets.

**III. Dollar Value of Exhibit A Assets Not Yet Frozen and Additional Details Regarding Voluntary Freezes**

14.    Cooley and Bird Marella continue to attempt to engage with 14 remaining exchanges and custodians identified in Exhibit A (ECF No. 6-1) that have not yet implemented full account freezes in response to the Court's Order. Some of these exchanges have not yet responded to Bybit's repeated outreach. For the responses Bybit has received, the reasons include that they are not subject to U.S. jurisdiction or that they have voluntary freezes in place through separate processes. None of the exchanges that have made the latter assertion have provided an accounting of which wallets are frozen.

15.    Based on information available to Bybit as of today, the approximate total value of assets identified in Exhibit A that Plaintiff's counsel cannot currently confirm have been frozen pursuant to this Court's Order is approximately **$30,962,975.**

16.    Based on communications with these exchanges, however, Plaintiff's counsel understands that some portion of those funds has been frozen voluntarily by custodians, and not in response to this Court's Order. But because certain of these exchanges or custodians have refused to provide us with a specific list of wallets that have been voluntarily frozen, including Tether (which is associated with approximately $27 million of the approximately $30.9 million in assets described in this section), Plaintiff's counsel does not currently have a complete accounting of the wallets that have been frozen voluntarily.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5

Executed on July 16, 2026.

_____
Carlton Forbes

6

# July 27, 2026 Status Report

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYBIT TECHNOLOGY LIMITED,** | |
| Plaintiff, | Civil Action No. 1:26-cv-02173 (JDB) |
| v. | |
| **DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA; DPRK RECONNAISSANCE GENERAL BUREAU; LAZARUS GROUP; and JOHN DOES 1-20,** | |
| Defendants. | |

**PLAINTIFF'S STATUS REPORT AND REPLY TO CORRIGAN OBJECTION**

Bybit Technology Limited ("Bybit") submits this status report and reply to the sole objection filed by a noticed account holder, Joseph F. Corrigan (the "Corrigan Objection") pursuant to the Court's July 16, 2026 Order, ECF No. 25 (the "Order"), to (i) update the Court on Bybit's compliance with the notice requirements set forth in the Order; (ii) respond to the Corrigan Objection; (iii) report on additional developments; and (iv) address the Court's observations regarding irreparable harm in the context of converting the TRO into a preliminary injunction.

**I.      Bybit's Compliance with the Notice Requirements in the July 16 Order**

**A.  Notice through Exchanges**

On July 16, the Court entered an Order extending the temporary restraining order ("TRO") to July 30, 2026, at 5:00 p.m. Eastern Time. The Order directed Bybit to provide notice of this action to the Doe Defendants "through the custodians or otherwise" by no later than July 20, 2026, including copies of: the Complaint, ECF No. 1; the June 19, 2026 TRO Opinion and Order, ECF Nos. 5 and 6; the June 30, 2026 Order extending the TRO and construing the TRO motion as a preliminary injunction motion, ECF No. 18; and the July 16, 2026 Order, ECF No. 25. *See* Order

1

at 5. Following entry of the Order, on July 17, Bybit requested via email that the exchanges and other custodians associated with the Doe Defendant wallet addresses transmit these materials to the relevant account holders. Declaration of Carlton Forbes in Support of July 27 Status Report (the "July 27 Forbes Declaration") ¶ 4. This outreach supplemented Bybit's prior communications with the exchanges, which had requested transmission of the Complaint and Temporary Restraining Order, ECF Nos. 1 and 6, to the relevant account holders via email. *Id.*

Bybit sent the July 17 request to all exchanges, including both those that had implemented freezes and those that had not. July 27 Forbes Decl. ¶ 4. Before the July 20 deadline, the following exchanges either shared contact information—which Bybit promptly used to notify the associated account holders directly via email—or confirmed that they had transmitted the requested documents to the relevant account holders: BitMart, Coinbase, Crypto.com, MaskEx, MEXC, Nexo.io, OKX, and Quickex. *Id.* ¶5. One additional exchange, Kraken, confirmed that it would provide notice but did not do so until after the July 20 deadline. *Id.*

### B. Notice via Non-Fungible Tokens to All Account Holders by July 20, 2026

In addition to notice through the exchanges, Bybit completed notice to all Doe Defendants via non-fungible tokens ("NFTs") by July 20, 2026, consistent with the Court's directive to provide notice "through the custodians or otherwise." Order at 5; July 27 Forbes Decl. ¶ 6. NFTs are unique cryptographic tokens that can contain customizable information, including text, and can be sent to recipient wallets via blockchain so long as the wallet addresses are known, even if the account holders' identities are not. Declaration of Jeremy Sheridan in Support of Status Report ("Sheridan Declaration") ¶ 11. NFTs thus enable notice to wallet owners through the applicable blockchain networks. Bybit provided NFT notice to all Doe Defendants out of an abundance of caution—

2

irrespective of whether the Doe Defendants had also received notice through the associated exchanges or custodians. *See* Sheridan Decl., ¶ 18, Exhibit 1; July 27 Forbes Decl. ¶ 6.

As described in the Sheridan Declaration, Plaintiff generated an NFT containing text notifying each recipient that the recipient's account was subject to a temporary restraining order in Sealed Case No. 1:26-cv-02173-JDB (D.D.C.) and that the recipient had until July 24, 2026 to oppose the pending motion to convert the TRO into a preliminary injunction (the "Notice NFT"). Sheridan Decl. ¶ 13; July 27 Forbes Decl. ¶ 7. The Notice NFT also contained a link to Netlify, a web platform, hosting all case documents identified in the July 16 Order at https://notice-of-legal-proceedings.netlify.app/docs/: the Complaint, ECF No. 1; the June 19 TRO Opinion and Order, ECF Nos. 5 and 6; the June 30 Order extending the TRO and construing the TRO motion as a preliminary injunction motion, ECF No. 18; and the July 16 Order, ECF No. 25. Before transmission, Bybit notified all exchanges that it would send the Notice NFT and requested that the relevant exchanges or custodians take no action to block it.[1] July 27 Forbes Decl. ¶ 10. Notice via NFT was completed by July 20 in compliance with this Court's July 16 Order. Sheridan Decl. ¶ 18.[2]

---

[1] Only one exchange, Matrixport, contacted Bybit in response to this outreach to indicate that the relevant customer account does not support NFT-related services and that the proposed method of serving notice via NFT is not feasible on its platform. Notwithstanding this correspondence, FTI confirmed that the NFT transfer to the Matrixport address via BTC was successful. Sheridan Decl. ¶ 18, Exhibit 1; July 27 Forbes Decl. ¶ 10.

[2] While Bybit previously had concerns about effecting NFT notice due to the public nature of this notice, *see* July 13 Status Report, ECF No. 20, Bybit took steps to minimize this risk, including by describing the action only as the "Sealed Case" in the notice text. July 27 Forbes Decl. ¶ 8. Moreover, given that the July 16 Order directed Bybit to provide notice "through the custodians or otherwise" by July 20, and that Bybit secured cooperation from additional exchanges since July 13, Bybit determined that notice via NFT was necessary to comply with the Court's Order. Order at 5.

This method of notice conforms with due process requirements because it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314; *see Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–17 (9th Cir. 2002) (court-ordered alternative service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief" and need only satisfy due process). District courts have approved service by NFT in other cases. *See, e.g.*, *Legacy Invs. Holdings, LLC v. John Does 1-20*, 2025 WL 2988640 No. 3:25-cv-08800 (N.D. Cal. Oct. 23, 2025) (authorizing service by NFT on the defendants' wallet addresses concurrently with a temporary restraining order); *Tyson v. Coinbase Global, Inc.*, No. 23-22066 (D.N.J. Dec. 16, 2024) (granting leave to serve John Doe Defendants by NFT "airdropped" to the wallets that received the stolen cryptocurrency after exchange subpoenas failed to identify them); *CipherBlade, LLC v. CipherBlade, LLC*, No. 3:23-cv-00238 (D. Alaska Jan. 5, 2024) (authorizing service on foreign defendants "on the blockchain" by transferring an NFT to their known and identifiable wallet addresses).

As this Court noted in its June 30, 2026 Order, courts have set out detailed instructions for alternative service by NFT. *See* June 30 Order, ECF No. 18 at 2 (citing *Legacy Invs. Holdings, LLC v. Does 1-20*, No. 25-8800, 2025 WL 2988640, at *4–5 (N.D. Cal. Oct. 23, 2025)); *see also Tyson v. Coinbase Global, Inc.*, No. 23-22066, ECF No. 13 (D.N.J. Dec. 16, 2024); *CipherBlade, LLC v. CipherBlade, LLC*, No. 23-238, 2024 WL 69164, at *3 (D. Alaska Jan. 5, 2024) (approving NFT service because the defendants' use of the external accounts made receipt of notice probable). Here, Bybit's Notice NFT conforms with this Court's instructions and those provided by other courts for alternative service via NFT. The Notice NFT contains the following information designed to provide notice to the Doe Defendants: (i) language notifying the Doe Defendants of

4

the action and TRO; (ii) the July 24, 2026 deadline to oppose the motion to convert the TRO into a preliminary injunction; and (iii) a link for recipients of the NFT to access the following case documents: the Complaint, ECF No. 1; the June 19, 2026 TRO Opinion and Order, ECF Nos. 5 and 6; the June 30, 2026 Order extending the TRO and construing the TRO motion as a preliminary injunction motion, ECF No. 18; and the July 16, 2026 Order, ECF No. 25. *See Legacy Invs. Holdings*, 2025 WL 2988640, at *4–5 (ordering that the NFT authorized for service contain a hyperlink hosting copies of the complaint, TRO motion, and TRO order).

## II.    Bybit's Response to the Corrigan Objection

As noted in Bybit's July 16 Status Report, ECF No. 23, Bybit received a communication from the account holder of wallet ████████████████████████████████, associated with Nexo.io, indicating an intent to object to the requested relief. July 27 Forbes Decl. ¶ 11. The wallet holds approximately 0.61 BTC and received the Notice NFT. *Id.*

On July 24, 2026, the account holder associated with this wallet address, Joseph F. Corrigan, filed a "limited appearance and objection"[3] to the preliminary injunction. Corrigan, who provided his *Colorado* phone number to the Court, purports to be an Australian citizen residing in Southeast Asia. Corrigan Objection ¶ 2. Corrigan contends that the 0.61 BTC that was deposited into his Nexo account is not traceable to the February 21, 2025 theft. *Id.* ¶ 8. The Court should deny the Corrigan Objection for several reasons.

---

[3] Corrigan styles his filing a "limited appearance and objection," but neither the Federal Rules of Civil Procedure nor the District Court for the District of Columbia Local Rules contemplate or authorize a limited appearance. Because no rule gives legal effect to Corrigan's self-styled reservation of personal jurisdiction, his filing of a substantive objection on the merits constitutes a general appearance and subjects him to this Court's personal jurisdiction regardless of the reservation language contained therein.

5

*First*, the Corrigan Objection is unsupported by admissible evidence. Although Corrigan asserts that he acquired the Bitcoin in 2024—before the February 21, 2025 hack—and that "[p]urchase and custody records exist and can be produced," he has produced no such records. *Id.* Corrigan also references "an independent blockchain tracing report" that he claims to have provided to the Royal Cayman Islands Police Service, but he has not produced that report either. *Id.* ¶¶ 9–10; July 27 Forbes Decl. ¶ 13. Corrigan's filing is not verified or made under oath. It consists entirely of unsworn, unsupported assertions by a pro se non-party—assertions that fall well short of the evidentiary showing required to overcome Bybit's forensic tracing analysis, which is supported by a sworn declaration. Corrigan had nine days from the Court's July 16 Order to marshal evidence supporting his position, yet chose to submit bare assertions instead.

*Second*, Bybit's forensic analysis contradicts Corrigan's account. Bybit traced the 0.61 BTC deposited into Corrigan's Nexo account on June 6, 2025 directly to the February 21, 2025 theft through four contiguous on-chain transactions. July 27 Forbes Decl. ¶ 14. The forensic analysis—which traced the transaction on a public, immutable blockchain—shows that the transfer occurred approximately three months *after* the hack, directly contradicting Corrigan's assertion that he acquired the BTC in 2024 before the theft. Corrigan Objection ¶ 8. A visual depiction of this tracing chain is attached as Exhibit 1 to the July 27 Forbes Declaration. *See* July 27 Forbes Decl. ¶ 15; *Id.* Exhibit 1. Corrigan's argument that the stolen property was Ethereum while he holds Bitcoin does not aid him: Bybit's Complaint and supporting declarations establish that the stolen Ethereum was converted into Bitcoin through mixers, cross-chain bridges, and exchanges as part of the ongoing laundering operation, and Bybit's tracing follows those conversions transaction by transaction to his wallet. *See* Complaint, ECF No. 1 ¶¶ 85–86, 91; TRO Memo., ECF No. 3 at 18–20; Xin Decl. ECF No. 3-2, ¶¶ 28–31.

6

*Third*, Corrigan's reliance on the Royal Cayman Islands Police Service's purported decision not to seek a property freezing order is similarly unavailing. Corrigan Objection ¶ 10. Corrigan fails to provide any critical details about the alleged work of the Royal Cayman Islands Police Service—*e.g.*, what unit conducted the investigation (and does that unit have proper expertise), what evidence the police considered beyond Corrigan's own submissions, why Corrigan engaged with the Royal Cayman Islands Police Service, and what the standard is for Royal Cayman Islands Police Service to seek a freezing order. Even setting these fundamental issues aside, a foreign police agency's exercise of enforcement discretion has no bearing on whether the funds are traceable under U.S. law. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–21 (1945) (courts have inherent equitable power to "protect [their] jurisdiction" and may always "grant intermediate relief of the same character as that which may be granted finally"); *see also PATS Aircraft, LLC v. Vedder Munich GmbH*, 197 F. Supp. 3d 663, 674 (D. Del. 2016) ("The principle of comity is inapplicable at a stage of litigation where no action has been taken by the foreign court."). For these reasons, the Court should deny the Corrigan Objection.

Notwithstanding the deficiencies in the Corrigan Objection, if the Court is inclined to entertain it, Bybit does not believe it is necessary to litigate the preliminary injunction as to Corrigan's wallet at this juncture. The amount at issue is relatively modest—approximately $39,000—and Bybit now knows Corrigan's identity. Accordingly, without conceding any claims against Corrigan or the merits of his objection, Bybit does not object to excluding wallet ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "Corrigan Wallet") from the scope of the preliminary injunction if the Court entertains the Corrigan Objection. In that scenario, Bybit respectfully requests that any exclusion of the Corrigan Wallet from the preliminary injunction be without prejudice to Bybit's right to pursue claims against Corrigan individually. If Corrigan fails

to produce the purchase records and tracing report he claims to possess, Bybit intends to add him as a named defendant in this action and pursue its claims against him in due course.

## III.    Additional Developments

### A.  Discovery Responses

Bybit has begun receiving discovery responses from the following exchanges: BitMart, Coinbase, MaskEx, MEXC, Nexo.io, SwapKit, and Quickex. Several responses have identified additional wallet addresses believed to have interacted with the wallet addresses listed in Exhibit A to the TRO, ECF No. 3-3. Bybit is conducting further analysis to determine (i) whether to amend the Complaint to add the account holders associated with the newly identified wallet addresses as defendants to this action, and (ii) whether there are additional traceable funds to pursue. These steps are distinct from Bybit's pending motion for a preliminary injunction and will be addressed in a separate filing if warranted.

### B.  Unsealing

Although assets not yet identified or traced remain at risk of dissipation, continued sealing now offers a more limited practical benefit. The Doe Defendants have received notice of this action through both exchange communications and NFTs. Moreover, unsealing is consistent with the public interest in the transparent administration of judicial proceedings, particularly in a case involving state-sponsored cybercrime of this magnitude. Accordingly, Bybit would not oppose unsealing the matter upon conversion of the TRO into a preliminary injunction. However, given the likelihood that DPRK actors will immediately seek to target or hack the assets identified in Exhibit A to the TRO, ECF No. 3-3, Exhibit 1 to the Renewed Motion for TRO, ECF No. 21-1, Exhibits 1 and 2 to the Sheridan Declaration filed concurrently with this status report, and Exhibit 1 to the July 27 Forbes Declaration. Bybit respectfully requests that these exhibits remain under

8

seal, and that Bybit be permitted to file redacted copies of all other filings that contain references to individual wallet addresses with assets traceable to the hack: the July 16 Status Report, ECF No. 23 at 3; the July 16 Forbes Declaration, ECF No. 24 at ¶ 12; the July 27 Forbes Declaration at ¶¶ 11–14; and this filing at 5–7. This approach is adequately calibrated to prevent irreversible prejudice following unsealing and follows the approach used in similar contexts. *See, e.g., Mercola v. Varghese*, No. 1:25-cv-04355, ECF No. 1 (S.D.N.Y. Apr. 29, 2025) (Liman, J.) (sealing the entire case, comprising the order to show cause, *ex parte* TRO motion, and verified complaint, in a cryptocurrency asset-freeze action), *unsealed by* ECF No. 10 (S.D.N.Y. May 30, 2025) (Kaplan, J.) (unsealing upon effectuation of the temporary restraining order and directing redactions thereafter).

## IV.    Irreparable Harm

In the Court's July 16 Order, the Court expressed "some reservation as to the issue of irreparable harm" in the context of extending the TRO. Order at 4. The Court observed that a majority of funds not frozen pursuant to the TRO had nevertheless been frozen voluntarily, and that there was "no indication that [the] voluntary freeze will imminently be lifted." *Id.* The Court further noted that the Doe Defendants had not moved funds that remained unfrozen. *Id.* Bybit appreciates the Court's observations, which were made in the context of whether to grant a further TRO extension. Bybit respectfully submits, however, that a different analysis applies to the entry of a preliminary injunction.

As to entering a preliminary injunction, Bybit still faces a risk of irreparable harm. There are significant funds now frozen in response to the Court's TRO. The following 20 exchanges have implemented account freezes in compliance with the Court's TRO:

| Exchange or Entity | Approx. Amount Frozen |
|---|---|
| Binance | $137,200 |

9

| Bitget | $353,256 |
|---|---|
| BitMart[4] | $1,136,204 |
| ChangeNOW | $64,245 |
| Circle | $626,719 |
| Coinbase | $518,548 |
| Crypto.com | $18,629 |
| Gate.io | $1,007,227 |
| Heleket | $3,248 |
| MaskEx[5] | $259,824 |
| Matrixport | $1,981 |
| MEXC | $134,004 |
| N. Exchange | $106,174 |
| Nexo.io | $41,208 |
| OKX | $1,704,033 |
| Quickex | $16,863 |
| ShapeBTC[6] | $0 |
| ShakePay | $3,020 |
| SwapKit | $205,613 |
| Kraken | $22,800 |
| **Total** | **$6,360,796** |

July 27 Forbes Decl. ¶ 16.

Without a preliminary injunction, these funds will almost certainly disappear when the TRO expires—particularly given that the account holders have now received notice and fully understand that Bybit seeks to recover the stolen funds. The risk is both concrete and imminent. *First*, many of these exchanges have informed Bybit that, absent a court order, they will not continue to freeze the funds. *Second*, funds frozen voluntarily by other exchanges could be released

---

[4] On July 26, 2026, BitMart announced that it intends to wind down all operations by January 31, 2027. *Important Notice Regarding the Orderly Cessation of BitMart Operations*, Bitmart, (July 26, 2026), https://bitmart.zendesk.com/hc/en-us/articles/53544595916059-Important-Notice-Regarding-the-Orderly-Cessation-of-BitMart-Operationsx. Bybit will continue to monitor this wind-down and address any issues with BitMart or the Court, as appropriate, related to the relevant assets on the BitMart exchange.
[5] MaskEx represented to Bybit that one of the two wallet addresses is no longer associated with MaskEx; MaskEx has thus frozen one of the wallets.
[6] ShapeBTC has confirmed to Bybit that it has implemented a freeze on the relevant account. However, all funds had been drained from the account before the freeze took effect.

at any time, as those freezes rest on discretionary cooperation, not judicial compulsion in this case. *Third*, now that all account holders have received notice via NFT, and the matter will likely be unsealed soon, Bybit anticipates significant efforts by DPRK-affiliated actors to immediately launder additional funds. Based on information available to Bybit as of today, the approximate total value of assets identified in Exhibit A that Plaintiff's counsel cannot currently confirm have been frozen following this Court's Order is approximately **$30,802,976.** July 27 Forbes Decl. ¶ 17.

As Bybit noted previously, approximately $27 million of the $30.8 million that Bybit cannot confirm has been frozen is associated with Tether, which has the technical ability to freeze these funds but declines to do so based on its reading of the TRO. July 13 Status Report at 6. Tether claims it has voluntarily frozen the "vast majority" of USDT tokens in wallets identified by Bybit, in coordination with the FBI but has declined to share details. July 13 Status Report at 5. Despite other exchanges and entities continuing to cooperate and recognize that the TRO applies, Tether has not changed its position. Now that the Doe Defendants have been notified, Bybit expects the approximately $27 million in Tether-associated accounts will dissipate immediately if Tether lifts its "voluntary" freeze, which it claims the discretion to do at any time.

For these reasons, and those articulated in Bybit's Memorandum of Law in Support of the Motion for a Temporary Restraining Order, ECF No. 3-1, and the Declaration of Alan Xin in support thereof, ECF No. 3-2, Bybit respectfully submits that it faces the risk of irreparable harm absent entry of a preliminary injunction. The approximately $6,360,796 frozen pursuant to the TRO will be released by exchanges and custodians upon expiration of the TRO or shortly thereafter, and an additional approximately $30,802,976 in identified assets remains at immediate risk of dissipation—a risk now heightened because all Doe Defendants have received notice.

## V.    Conclusion

Bybit respectfully requests that the Court convert the TRO into a preliminary injunction and deny the Corrigan Objection. Bybit has fully complied with the notice requirements articulated by the Court in its July 16 Order, and has addressed the Court's outstanding questions about irreparable harm. For the reasons described herein, as well as those reflected in Bybit's Memorandum of Law in Support of the Motion for a Temporary Restraining Order, ECF No. 3-1, the Declaration of Alan Xin in support thereof, ECF No. 3-2, and the Renewed Motion for TRO, ECF No. 21, as well as the Court's Memorandum Opinion and Order, ECF Nos. 5–6, the Court's June 30 Order construing the motion for a TRO as a motion for a preliminary injunction, ECF No. 18, and the Court's July 16 Order extending the TRO to July 30, ECF No. 25, the Court should convert the TRO into a preliminary injunction and deny the Corrigan Objection. If the Court is inclined to entertain the Corrigan Objection, however, Bybit does not object to excluding the Corrigan Wallet from the scope of the preliminary injunction without prejudice to Bybit's right to pursue claims against Corrigan individually.

12

Dated: July 27, 2026

Respectfully submitted,

*Travis LeBlanc*

Travis LeBlanc (DC Bar # 496844)
Brian E. Nelson (DC Bar # 978426)
Carlton Forbes (DC Bar # 1656612)
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, District of Columbia 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
tleblanc@cooley.com
brian.nelson@cooley.com
cforbes@cooley.com

William K. Pao
Jonathan B. Waxman
Cooley LLP
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
wpao@cooley.com
jwaxman@cooley.com

*Attorneys for Plaintiff Bybit Technology
Limited*

13

# Exhibit 1 to the Sheridan Declaration

## EXHIBIT 1

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Binance | 2 | BTC | | BTC |
| Binance | 0.5 | BTC | | BTC |
| Binance | 0.0591 | BTC | | BTC |
| Binance | 0.0496 | BTC | | BTC |
| Binance | 25000 | USDT | | Tron |
| Binance | 65484 | USDT | | Tron |
| Binance | 13947 | USDT | | Tron |
| Binance | 28948 | USDT | | Tron |
| Binance | 26587 | USDT | | Tron |
| Binance | 20000 | USDT | | Tron |
| Binance | 33123 | USDT | | Tron |
| Binance | 31337.52 | USDT | | ETH |
| Bitget | 0.1005 | ETH | | ETH |
| Bitget | 222413 | USDT | | Solana |
| Bitget | 111000 | USDT | | Tron |
| Bitget | 19900 | USDT | | ETH |
| BitMart | 1137000 | USDT | | ETH |
| Bittime | 260000 | USDT | | Tron |
| Bridgers | 6.7998 | BTC | | BTC |
| Bridgers | 0.5003 | BTC | | BTC |
| Bridgers | 0.4 | BTC | | BTC |
| Bridgers | 40000 | DAI | | ETH |
| Bridgers | 71.29 | ETH | | ETH |
| Bridgers | 668 | SOL | | Solana |
| Bridgers | 4990 | TRX | | Tron |

1

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Bridgers | 95055.5663 | USDT | | ETH |
| BTCTurk.com | 0.0247 | BTC | | BTC |
| Chainflip | 308000 | USDT | | ETH |
| Changelly | 0.602 | BTC | | BTC |
| Changelly | 1.5 | BTC | | BTC |
| Changelly | 0.2541 | BTC | | BTC |
| Changelly | 2 | BTC | | BTC |
| Changelly | 0.898 | BTC | | BTC |
| Changelly | 0.01 | BTC | | BTC |
| Changelly | 0.999 | BTC | | BTC |
| Changelly | 0.078 | BTC | | BTC |
| Changelly | 13 | ETH | | ETH |
| Changelly | 2.36 | ETH | | ETH |
| Changelly | 2.58 | ETH | | ETH |
| Changelly | 2.21 | ETH | | ETH |
| Changelly | 2.31 | ETH | | ETH |
| Changelly | 2.43 | ETH | | ETH |
| Changelly | 3.7308 | ETH | | ETH |
| ChangeNOW | 34.0012 | ETH | | ETH |
| Circle | 338047.3754 | USDC | | ETH |
| Circle | 6141.5192 | USDC | | ETH |
| Circle | 282593 | USDC | | ETH |
| Coinbase | 0.0312 | BTC | | BTC |
| Coinbase | 7.97 | cbBTC | | ETH |
| Crypto.com | 0.0178 | BTC | | BTC |
| Crypto.com | 0.0143 | BTC | | BTC |

2

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Crypto.com | 0.2547 | BTC | | BTC |
| Exness | 99990 | USDT | | Tron |
| Gate.io | 1.00872 | BTC | | BTC |
| Gate.io | 0.12913 | BTC | | BTC |
| Gate.io | 0.6098 | BTC | | BTC |
| Gate.io | 0.04926 | BTC | | BTC |
| Gate.io | 1.99998 | BTC | | BTC |
| Gate.io | 0.10091 | BTC | | BTC |
| Gate.io | 0.18175 | BTC | | BTC |
| Gate.io | 0.42232 | BTC | | BTC |
| Gate.io | 0.019056894 | ETH | | ETH |
| Gate.io | 12.62 | ETH | | ETH |
| Gate.io | 25 | ETH | | ETH |
| Gate.io | 1.12417 | ETH | | ETH |
| Gate.io | 1 | ETH | | ETH |
| Gate.io | 32000 | TRX | | Tron |
| Gate.io | 54.587735 | USDC | | ETH |
| Gate.io | 52650 | USDC | | ETH |
| Gate.io | 54050 | USDC | | ETH |
| Gate.io | 98000 | USDT | | Tron |
| Gate.io | 48393 | USDT | | Tron |
| Gate.io | 7481 | USDT | | Tron |
| Gate.io | 33823 | USDT | | Solana |
| Gate.io | 106000 | USDT | | Solana |
| Gate.io | 7003 | USDT | | Tron |
| Gate.io | 99986 | USDT | | Tron |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Gate.io | 1000 | USDT | | Tron |
| Gate.io | 20520 | USDT | | ETH |
| Gate.io | 99999 | USDT | | ETH |
| Gate.io | 666 | USDT | | Tron |
| Heleket | 0.05 | BTC | | BTC |
| HTX | 0.0046 | BTC | | BTC |
| HTX | 0.0073 | BTC | | BTC |
| HTX | 0.0122 | BTC | | BTC |
| HTX | 0.1758 | BTC | | BTC |
| HTX | 0.012 | BTC | | BTC |
| HTX | 0.0085 | BTC | | BTC |
| HTX | 52050 | USDC | | ETH |
| HTX | 51650 | USDC | | ETH |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | | Solana |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | | Solana |
| HTX | Amount Uncertain (188110.14 across 3 wallets) | USDT | | Solana |
| HTX | 33500 | USDT | | ETH |
| HTX | 22818 | USDT | | Tron |
| HTX | 6674 | USDT | | Tron |
| HTX | 51916.0081 | USDT | | Tron |
| Kanga.exchange | 0.0164 | BTC | | BTC |
| Kraken | 0.351 | BTC | | BTC |
| Kucoin | 0.6958 | BTC | | BTC |

4

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Kucoin | 0.635721 | BTC | | BTC |
| Kucoin | 28 | ETH | | ETH |
| Kucoin | 955385 | USDT | | ETH |
| MaskEX | 4 | BTC | | BTC |
| MaskEX | 172482.3446 | USDT | | ETH |
| Matrixport | 0.0305 | BTC | | BTC |
| MEXC | 0.0057 | BTC | | BTC |
| MEXC | 0.1 | BTC | | BTC |
| MEXC | 0.161 | BTC | | BTC |
| MEXC | 98245.2813 | USDT | | ETH |
| MEXC | Amount Uncertain (8503 across 2 wallets) | USDT | | ETH |
| MEXC | Amount Uncertain (8503 across 2 wallets) | USDT | | Solana |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | | Solana |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | | Solana |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | | Solana |
| MEXC | Amount Uncertain (3000 across 4 wallets) | USDT | | Solana |
| MEXC | 7006 | USDT | | Tron |
| N.Exchange | 56.1921 | ETH | | ETH |
| Nexo.io | 0.61 | BTC | | BTC |
| Nexo.io | 0.0244 | BTC | | BTC |
| OKX | Amount Uncertain | | | Tron |
| OKX | 0.004 | BTC | | BTC |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| OKX | Amount Uncertain (0.098 across 2 wallets) | BTC | | BTC |
| OKX | Amount Uncertain (0.098 across 2 wallets) | BTC | | BTC |
| OKX | 0.11157484 | BTC | | BTC |
| OKX | 0.2 | BTC | | BTC |
| OKX | 47.07686463 | ETH | | ETH |
| OKX | 342841 | USDT | | Tron |
| OKX | 1582 | USDT | | Tron |
| OKX | 380 | USDT | | Tron |
| OKX | 42800 | USDT | | Tron |
| OKX | 82384.95945 | USDT | | Tron |
| OKX | 144300.9 | USDT | | Tron |
| OKX | 93493 | USDT | | Tron |
| OKX | 46035 | USDT | | Tron |
| OKX | 835513.9238 | USDT | | Tron |
| Poloniex | 0.45 | BTC | | BTC |
| Poloniex | 0.45 | BTC | | BTC |
| Poloniex | 0.45 | BTC | | BTC |
| Quickex (Kucoin) | 0.0312 | BTC | | BTC |
| Quickex (Kucoin) | 0.2284 | BTC | | BTC |
| Shakepay | 0.0249 | BTC | | BTC |
| Shakepay | 0.0216 | BTC | | BTC |

6

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| ShapeBTC | 30000 | USDC | | ETH |
| Swapkit | 11 | ETH | | ETH |
| Swapkit | 5 | ETH | | ETH |
| Swapkit | 9.98 | ETH | | ETH |
| Swapkit | 0.001 | ETH | | ETH |
| Swapkit | 22.84 | ETH | | ETH |
| Swapkit | 29.99992266 | ETH | | ETH |
| Swapkit | 10 | ETH | | ETH |
| Tether | 416441 | USDT | | Tron |
| Tether | 200000 | USDT | | Tron |
| Tether | 336000 | USDT | | Tron |
| Tether | 202005 | USDT | | Tron |
| Tether | 311335 | USDT | | Tron |
| Tether | 12100 | USDT | | Tron |
| Tether | 197997 | USDT | | Tron |
| Tether | 428876.92 | USDT | | Tron |
| Tether | 109498.29 | USDT | | Tron |
| Tether | 106000 | USDT | | ETH |
| Tether | 1842868.63 | USDT | | Tron |
| Tether | 97389.26 | USDT | | ETH |
| Tether | 998947.1 | USDT | | Tron |
| Tether | 186424.7 | USDT | | Tron |
| Tether | 80674.1 | USDT | | Tron |
| Tether | 49249 | USDT | | Tron |
| Tether | 208428 | USDT | | Tron |
| Tether | 10000 | USDT | | Tron |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Tether | 1013150 | USDT | | Tron |
| Tether | 1923.48 | USDT | | Tron |
| Tether | 16621 | USDT | | Tron |
| Tether | 33139 | USDT | | Tron |
| Tether | 39118.94 | USDT | | Tron |
| Tether | 254445.5 | USDT | | ETH |
| Tether | 65223 | USDT | | Tron |
| Tether | 30250.96 | USDT | | Tron |
| Tether | 222822.11 | USDT | | Tron |
| Tether | 443508.01 | USDT | | Tron |
| Tether | 858.19 | USDT | | Tron |
| Tether | 1906.84 | USDT | | Tron |
| Tether | 40467 | USDT | | Tron |
| Tether | 33726.89 | USDT | | Tron |
| Tether | 49833.51858 | USDT | | Tron |
| Tether | 39259.75565 | USDT | | Tron |
| Tether | 39278.33171 | USDT | | Tron |
| Tether | 39296.98243 | USDT | | Tron |
| Tether | 158626 | USDT | | Tron |
| Tether | 88000 | USDT | | Tron |
| Tether | 347782.7 | USDT | | Tron |
| Tether | 1328125 | USDT | | Tron |
| Tether | 173 | USDT | | Tron |
| Tether | 1421609 | USDT | | Tron |
| Tether | 561502.1 | USDT | | Tron |
| Tether | 536714 | USDT | | Tron |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Tether | 1000000 | USDT | | Tron |
| Tether | 221475.9 | USDT | | Tron |
| Tether | 41765.21 | USDT | | Tron |
| Tether | 1080000 | USDT | | Tron |
| Tether | 116318 | USDT | | ETH |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | Tron |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | Tron |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | ETH |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | ETH |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | ETH |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | ETH |
| Tether | Amount uncertain (1427404 across 7 wallets) | USDT | | ETH |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | | Tron |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | | Tron |
| Tether | Amount uncertain (2652197 across 3 wallets) | USDT | | Tron |

| Entity, Exchange, or Individual | Amount | Coin Type | Destination Wallet Address | Network |
|---|---|---|---|---|
| Tether | 400996.7 | USDT | | Tron |
| Tether | 181186.9 | USDT | | Tron |
| Tether | 162063.2 | USDT | | Tron |
| Tether | 246230.1 | USDT | | Tron |
| Tether | 1079953 | USDT | | Tron |
| Tether | 1000000 | USDT | | Tron |
| Tether | 1000000 | USDT | | Tron |
| Tether | 1000000 | USDT | | Tron |
| Tether | Amount Uncertain (1500001 across 2 wallets) | USDT | | Tron |
| Tether | Amount Uncertain (1500001 across 2 wallets) | USDT | | Tron |
| Tether | Amount Uncertain (300000 across 2 wallets) | USDT | | Tron |
| Tether | Amount Uncertain (300000 across 2 wallets) | USDT | | Tron |
| Tether | 440000 | USDT | | ETH |
| Tether | 180820.5 | USDT | | Tron |
| Tether | 44983 | USDT | | Tron |
| Tether | 271905.2 | USDT | | Tron |

10

# Exhibit 2 to the Sheridan Declaration

# NFT Distribution Report

Generated: 2026-07-20T09:16:49.536Z

**Contract:**

**Deploy TX:**

## Summary

**Total Recipients: 54 | Successful: 54 | Failed: 0**

| # | Wallet Address | Status | Token ID | TX Hash / Error |
|---|---|---|---|---|

Case 1:26-cv-02173-JDB   Document 31-1   Filed 08/04/26   Page 57 of 77

1



| # | Wallet Address | Status | Token ID | TX Hash / Error |
|---|---|---|---|---|



3

# NFT Distribution Report — Success Only

Chain: bitcoin (mainnet)

Contract:

Deploy TX:

Name: | Symbol:

Metadata URI: NOTICE: A court TRO in Sealed Case No. 1:26-cv-02173-JDB (D.D.C.) applies to your account. You have until 7/24/26 to file an opposition. Please keep confidential. Key case document

Total Successful: 58

Generated: 2026-07-20T18:23:36.238Z

| # | Recipient Wallet | TX Hash | Token ID | Timestamp |
|---|---|---|---|---|



4





# NFT Distribution Report — Success Only

Chain: solana (mainnet-beta)

Contract: ██████████████████████████

Deploy TX: ████████████████████████████████████

Name: Notice of Legal Proceedings  |  Symbol: Notice

Metadata URI: https://notice-of-legal-proceedings.netlify.app/metadata/nft-metadata.json

Total Successful: 12

Generated: 2026-07-20T15:01:28.865Z



| # | Recipient Wallet | TX Hash | Token ID | Timestamp |
|---|---|---|---|---|

# NFT Distribution Report

Chain: tron (mainnet)

Contract:

Total Recipients: 98

Generated: 2026-07-20T14:48:54.489Z

| # | Recipient | Token ID | TX Hash | Timestamp |
|---|-----------|----------|---------|-----------|

8







# July 27, 2026 Forbes Declaration

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BYBIT TECHNOLOGY LIMITED,

        Plaintiff,

    v.

DEMOCRATIC PEOPLE'S REPUBLIC OF
KOREA; DPRK RECONNAISSANCE
GENERAL BUREAU; LAZARUS GROUP;
and JOHN DOES 1-20,

        Defendants.

Case No. 26-2173 (JDB)

**DECLARATION OF CARLTON FORBES IN SUPPORT OF PLAINTIFF BYBIT
TECHNOLOGY LIMITED'S JULY 27, 2026 STATUS REPORT**

I, Carlton Forbes, declare as follows:

1.      I am counsel at Cooley LLP ("Cooley") and counsel to Plaintiff Bybit Technology

Limited ("Bybit") in this action. I am admitted to practice before the United States District Court

for the District of Columbia. I submit this declaration in support of Bybit's Status Report filed

pursuant to the Court's July 16, 2026 Order, ECF No. 25 (the "Order"). I have personal knowledge

of the facts set forth herein, and if called as a witness, I could and would testify competently

thereto.

2.      Bybit is also represented in this matter by counsel at Bird, Marella, Rhow,

Lincenberg, Drooks & Nessim, LLP ("Bird Marella"), who have been in contact with certain

exchanges. Those exchanges are Binance, Bitget, Bittime, BTCTurk.com, ChangeNOW, Circle,

Coinbase, Crypto.com, Exness, Heleket, Kanga.exchange, Kraken, MaskEx, Matrixport, MEXC,

N. Exchange, Nexo.io, OKX, Poloniex, Quickex, ShakePay, ShapeBTC, and SwapKit. My

colleagues and I have received regular updates from Bird Marella regarding those exchanges.

Accordingly, my statements in this declaration are based on my personal knowledge and based in part on updates my Cooley colleagues and I have received from co-counsel at Bird Marella.

## I.    Notice Through Exchanges

3.    On July 16, 2026, the Court entered an Order extending the temporary restraining order ("TRO") to July 30, 2026, at 5:00 p.m. Eastern Time, and directing Bybit to provide notice of this action to the Doe Defendants by no later than July 20, 2026, including copies of: the Complaint, ECF No. 1; the June 19, 2026 TRO Opinion and Order, ECF Nos. 5 and 6; the June 30, 2026 Order extending the TRO and construing the TRO motion as a preliminary injunction motion, ECF No. 18; and the July 16, 2026 Order, ECF No. 25.

4.    On July 17, 2026, Bybit, through counsel, requested via email that the exchanges and other custodians associated with the Doe Defendant wallet addresses transmit those materials to the relevant account holders. This outreach supplemented Bybit's prior communications with the exchanges, which had requested transmission of the Complaint and Temporary Restraining Order, ECF Nos. 1 and 6, to the relevant account holders via email. Bybit sent the July 17 request to all exchanges associated with the Doe Defendant wallet addresses, including both those that had implemented account freezes and those that had not.

5.    Before the July 20, 2026 deadline, the following exchanges either shared contact information—which Bybit promptly used to notify the associated account holders directly via email—or confirmed that they had transmitted the requested documents to the relevant account holders: BitMart, Coinbase, Crypto.com, MaskEx, MEXC, Nexo.io, OKX, and Quickex. One additional exchange, Kraken, confirmed that it would provide notice to the relevant account holders but did not complete transmission until after the July 20, 2026 deadline.

2

## II.    Notice via Non-Fungible Tokens

6.    In addition to notice through exchanges, Bybit determined that notice via non-fungible tokens ("NFTs") was necessary to ensure full compliance with the Court's July 16 Order, which directed Bybit to provide notice "through the custodians or otherwise" by July 20, 2026. Bybit decided to send NFT notice to all Doe Defendants out of an abundance of caution, irrespective of whether particular Doe Defendants had also received notice through the associated exchanges or custodians.

7.    To prepare and transmit the NFT, Bybit coordinated with its retained forensic technology consultant, FTI Consulting, Inc. ("FTI"), and specifically with Jeremy Sheridan of FTI, who oversaw the technical execution of the NFT notice process. Counsel directed FTI to generate an NFT containing text notifying each recipient that the recipient's account was subject to a temporary restraining order in Sealed Case No. 1:26-cv-02173-JDB (D.D.C.) and that the recipient had until July 24, 2026 to oppose the pending motion to convert the TRO into a preliminary injunction (the "Notice NFT"). Counsel further directed that the Notice NFT contain a link to a Netlify URL address hosting all the case documents identified in the July 16 Order. The technical details of the NFT generation and transmission are set forth in the Declaration of Jeremy Sheridan filed concurrently with this declaration.

8.    Bybit took steps to minimize the risk that NFT notice would prematurely disclose the sealed nature of this proceeding. Specifically, Bybit directed that the text of the Notice NFT refer to this action only as "Sealed Case No. 1:26-cv-02173-JDB (D.D.C.)" rather than by the parties' names or any other identifying information.

3

9.      Bybit directed FTI to transmit the Notice NFT to each of those wallet addresses listed in Exhibit 1 to the Sheridan Declaration via the applicable blockchain network, so that notice would reach the account holders associated with each Doe Defendant wallet regardless of whether those holders had received prior exchange-based notice. Exhibit 1 to the Sheridan Declaration is substantially similar to Exhibit A to the TRO, ECF No. 3-3, with two differences: (1) it removes wallet addresses for Coinrise and Wong Ki Fung, against whom Bybit is no longer pursuing a preliminary injunction, and (2) it replaces addresses associated with Swapkit with addresses of "originator" accounts that Swapkit provided, which are associated with the same individuals as the Swapkit wallet addresses identified in Exhibit A to the TRO but are more likely to effect notice on the accountholders.

10.      Before transmitting the Notice NFT, Bybit notified all exchanges associated with the Doe Defendant wallet addresses that it would send an NFT to those wallets and requested that the relevant exchanges or custodians take no action to block it. Only one exchange, Matrixport, contacted Bybit in response to this outreach to indicate that the relevant customer account does not support NFT-related services and that the proposed method of serving notice via NFT is not feasible on its platform. Notwithstanding this communication from Matrixport, FTI confirmed that the NFT transfer to the Matrixport wallet address via Bitcoin OP_Return protocol was successfully delivered, and blockchain records reflect a completed transaction for that address.

III.    **Corrigan Objection**

11.      As noted in Bybit's July 16 Status Report, ECF No. 23, Bybit received a communication from the account holder of wallet ████████████████████ ████, associated with Nexo.io, indicating an intent to object to the requested relief. That wallet holds approximately 0.61 BTC, or approximately $39,000, and also received the Notice NFT.

4

12.    On July 24, 2026, the account holder associated with that wallet address, Joseph F. Corrigan, filed a limited appearance and objection to the preliminary injunction (the "Corrigan Objection"). Corrigan provided a Colorado phone number to the Court. In his filing, Corrigan purports to be an Australian citizen residing in Southeast Asia. Corrigan Objection ¶ 2.

13.    In his objection, Corrigan contends that the 0.61 BTC deposited into his Nexo account is not traceable to the February 21, 2025 theft. Corrigan Objection ¶ 8. Corrigan asserts that he acquired the Bitcoin in 2024—before the February 21, 2025 hack—and that "[p]urchase and custody records exist and can be produced." *Id.* Corrigan also references "an independent blockchain tracing report" that he claims to have provided to the Royal Cayman Islands Police Service. *Id.* ¶¶ 9–10. As of the date of this declaration, Corrigan has produced neither the purchase and custody records nor the referenced blockchain tracing report.

14.    Bybit has conducted its own tracing analysis of the 0.61 BTC, which was deposited into Corrigan's account on June 6, 2025. Based on that analysis, Bybit has traced those funds directly to the February 21, 2025 Bybit hack through four contiguous on-chain transactions linking back to the hack.

15.    Bybit's tracing, which is based on publicly verifiable transactions on the blockchain, is represented visually as Exhibit 1 to this declaration, which is a screen capture from the cryptocurrency tracing site AMLBot.com. AMLBot is a cryptocurrency compliance and blockchain analytics platform that provides tracing services, including the operation of the AMLBot Tracer website.

## IV.    Account Freezes Implemented in Compliance with the TRO

16.    Based on information available to Bybit as of the date of this declaration, the following twenty exchanges have implemented account freezes in compliance with the Court's TRO, with the approximate amounts frozen as set forth below:

| Exchange or Entity | Approx. Amount Frozen |
|---|---|
| Binance | $137,200 |
| Bitget | $353,256 |
| BitMart | $1,136,204 |
| ChangeNOW | $64,245 |
| Circle | $626,719 |
| Coinbase | $518,548 |
| Crypto.com | $18,629 |
| Gate.io | $1,007,227 |
| Heleket | $3,248 |
| MaskEx[1] | $259,824 |
| Matrixport | $1,981 |
| MEXC | $134,004 |
| N. Exchange | $106,174 |
| Nexo.io | $41,208 |
| OKX | $1,704,033 |
| Quickex | $16,863 |
| ShapeBTC[2] | $0 |
| ShakePay | $3,020 |
| SwapKit | $205,613 |
| Kraken | $22,800 |
| **Total** | **$6,360,796** |

17.    Based on information available to Bybit as of the date of this declaration, the approximate total value of assets identified in Exhibit A to the TRO, ECF No. 3-3, that Plaintiff's counsel cannot currently confirm have been frozen following this Court's Order is approximately

---

[1] MaskEx represented to Bybit that one of the two wallet addresses is no longer associated with MaskEx; MaskEx has thus frozen one of the wallets.

[2] ShapeBTC has confirmed to Bybit that it has implemented a freeze on the relevant account. However, all funds had been drained from the account before the freeze took effect.

$30,802,976. Many of the exchanges holding these assets have informed Bybit that, absent a court order, they will not continue to freeze the relevant funds.

## V.    Discovery Responses

18.    Bybit has begun receiving discovery responses from the following exchanges: BitMart, Coinbase, MaskEx, MEXC, Nexo.io, SwapKit, and Quickex. Several of these responses have identified additional wallet addresses believed to have interacted with the wallet addresses listed in Exhibit A to the TRO, ECF No. 3-3. Bybit is conducting further analysis on the produced information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 27, 2026.

_____
Carlton Forbes

# Exhibit 1 to the July 27, 2026
# Forbes Declaration