Cooley

Travis LeBlanc
T: +1 202 728 7018
tleblanc@cooley.com

August 19, 2026

Office of the Clerk
Attn: Angela D. Caesar
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

**Re: Request for Service of Process on Defendants Democratic People's Republic of Korea, DPRK Reconnaissance General Bureau, and Lazarus Group Pursuant to 28 U.S.C. § 1608(a)(4) — *Bybit Technology Limited v. Democratic People's Republic of Korea, et al.*, Civil Action No. 26-2173 (JDB)(D.D.C.)**

Dear Clerk of the Court:

On behalf of Plaintiff Bybit Technology Limited ("Bybit"), we respectfully request that you take all necessary steps, pursuant to 28 U.S.C. § 1608(a)(4), to effect service on the Democratic People's Republic of Korea, the Reconnaissance General Bureau, and Lazarus Group in the above-captioned matter.

**<u>Background</u>**

On June 18, 2026, Bybit filed this lawsuit against the Democratic People's Republic of Korea ("DPRK") and its agents the Reconnaissance General Bureau ("RGB") and the Lazarus Group, as well as against certain unidentified John Doe Defendants acting in concert with them. Bybit has undertaken efforts to effect service on DPRK, RGB, and Lazarus Group under the preceding subsections of 28 U.S.C. § 1608(a), consistent with the requirements for service under the Foreign Sovereign Immunities Act ("FSIA"). However, for the reasons detailed below, § 1608(a)(1)–(3) are unavailable.

Service under Section 1608(a)(1) is not available because there is no special arrangement for service between Bybit and DPRK. Service under Section 1608(a)(2) is likewise not available because DPRK is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other applicable international convention on service of judicial documents to which the United States and DPRK are both parties.

Bybit accordingly explored attempting service under Section 1608(a)(3), which requires mailing the service materials to the head of the ministry of foreign affairs of the foreign state concerned. But this method of service is not possible for DPRK, RGB, or Lazarus Group because there currently is no commercial option available to transmit legal service materials to DPRK by mail requiring a signed receipt. Under the District Court for the District of Columbia's *Clerk's Office Procedures for Service of Process on a Foreign Defendant*, DHL, FedEx, and the U.S. Postal Service are authorized carriers for transmitting documents from the Clerk's Office under § 1608(a)(3). Because DHL is the only carrier that Bybit is aware of that has previously delivered such materials from the United States to DPRK, Bybit first contacted DHL to determine if it could deliver the service materials for the Defendants. DHL was used to accomplish mail-based service on DPRK in prior litigation in this District. *See Warmbier v. Democratic People's Republic of Korea*, No. 1:18-cv-00977-BAH, Dkt. 12 (D.D.C. June 26, 2018) (return of service affidavit attesting that DHL package was delivered). However, when Bybit contacted DHL on July 31, 2026, to arrange shipment of the service

Cooley



materials to DPRK, DHL informed Bybit that service had been suspended indefinitely. DHL did not specify when the suspension began or how long it would last. Bybit separately contacted FedEx, UPS, and the United States Postal Service, each of which confirmed that it does not currently offer delivery to DPRK with a signed-receipt or certified-mail equivalent.

Bybit has thus been unable to identify any carrier authorized under the *Clerk's Office Procedures for Service of Process on a Foreign Defendant* capable of delivering the service materials to DPRK, RGB, or Lazarus Group.

**Request for Assistance with Service**

In light of the unavailability of 28 U.S.C. § 1608(a)(1)–(3), we request that you take all necessary steps pursuant to 28 U.S.C. § 1608(a)(4) to effect service on DPRK, RGB, and Lazarus Group. Under 28 U.S.C. § 1608(a)(4), the Clerk of Court shall send two copies of the summons and complaint and notice of suit for each defendant, together with translations into Korean, "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services." The Secretary of State shall then take steps to effect service through diplomatic channels.

In light of the foregoing, we have enclosed for service the following materials for each defendant, consisting of two copies of the summons, complaint, and notice of suit, together with certified Korean translations of each. The full list of enclosures is as follows:

(1) Letter to the Department of State certifying that attempts to serve under 28 U.S.C. § 1608(a)(1)–(3) were made or were otherwise not applicable.

(2) Service Materials for each of the three named Defendants, comprising:
   a. Two copies of the DPRK Summons, Complaint, and Notice of Suit;
   b. Two copies of the RGB Summons, Complaint, and Notice of Suit;
   c. Two copies of the Lazarus Group Summons, Complaint, and Notice of Suit; and
   d. Copies of each of the foregoing translated into Korean, the official language of the Democratic People's Republic of Korea.

(3) Three cashier's checks for $2,275.00 payable to the U.S. Department of State.

Please take the necessary steps to dispatch these materials to effect service pursuant to 28 U.S.C. § 1608(a)(4). In light of the statutory requirement, service should be attempted by certified United States mail, return receipt requested, addressed to:

U.S. Department of State
L/CA/POG/GC, SA-17, 10th Floor
Washington, DC 20522-1710
Attn: FSIA

We have enclosed a pre-paid mailing envelope. If you have any questions or require additional information, please contact my colleague Carlton Forbes at (202) 776-2117 or cforbes@cooley.com.

Cooley



Sincerely,

*/s/ Travis LeBlanc*

Travis LeBlanc

Enclosures