**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BYBIT TECHNOLOGY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA; DPRK RECONNAISSANCE GENERAL BUREAU; LAZARUS GROUP; and JOHN DOES 1-20,<br><br>Defendants. | Case No. 26-2173 (JDB) |

**NOTICE REGARDING SERVICE OF PROCESS ON DEFENDANTS DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, DPRK RECONNAISSANCE GENERAL BUREAU, AND LAZARUS GROUP PURSUANT TO 28 U.S.C. § 1608(a)(4)**

Plaintiff Bybit Technology Limited ("Bybit") submits this Notice to explain the circumstances that require service on Defendants the Democratic People's Republic of Korea ("DPRK"), the DPRK Reconnaissance General Bureau ("RGB"), and Lazarus Group through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).

Bybit intends to serve all three Defendants under 28 U.S.C. § 1608(a). DPRK is a foreign state within the meaning of the FSIA. 28 U.S.C. § 1603(a). RGB is DPRK's principal intelligence service, and because its core functions are governmental rather than commercial, RGB is treated as the foreign state and served under § 1608(a) as well. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151 (D.C. Cir. 1994); *see also Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003) (treating the Iranian Ministry of Information and Security as an organ of the state and thus subject to service under § 1608(a)). Less is publicly known about Lazarus Group's formal status within the DPRK state, but OFAC has designated it pursuant to

Executive Order 13722, characterizing it as "controlled by" the RGB. *See* U.S. Dep't of the Treasury, Treasury Sanctions North Korean State-Sponsored Malicious Cyber Groups (Sept. 13, 2019), https://home.treasury.gov/news/press-releases/sm774. Thus, while Lazarus Group is an illicit cyber-criminal organization, it also operates as an arm of RGB, performing intelligence and security functions of the same governmental character as RGB's. Compl. ¶¶ 3, 22–23. Given Lazarus Group's dual character, and out of an abundance of caution, Bybit seeks to serve Lazarus Group under § 1608(a).

Section 1608(a) prescribes four methods of service. The first three are unavailable here. No special arrangement for service exists between Bybit and any Defendant. 28 U.S.C. § 1608(a)(1). DPRK is not a party to the Hague Service Convention or any other applicable international convention on service of judicial documents. 28 U.S.C. § 1608(a)(2). And service by mail under § 1608(a)(3) cannot be attempted because no authorized carrier will deliver service materials to DPRK by a form of mail requiring a signed receipt. DHL, the only authorized carrier that has previously delivered service materials to DPRK, *see Warmbier v. Democratic People's Republic of Korea*, No. 1:18-cv-00977-BAH, Dkt. 12 (D.D.C. June 26, 2018), informed Bybit that it has suspended shipments to DPRK indefinitely. FedEx, UPS, and the United States Postal Service have each confirmed that they do not currently offer delivery to DPRK with a signed-receipt or certified-mail equivalent.

Counsel for Bybit has consulted with staff in the Consular Affairs office of the U.S. Department of State's Office of the Legal Adviser, who advised that Bybit should request that the Clerk of the Court transmit the service materials to the Department of State under § 1608(a)(4) for onward transmission through diplomatic channels. The Department of State successfully effected service on DPRK through this channel earlier this year, delivering the service materials to DPRK's

Permanent Mission to the United Nations in New York. *See Does v. DPRK*, No. 1:23-cv-00273-TJK, Dkt. 59 (D.D.C. Mar. 6, 2026).

Bybit is accordingly submitting to the Clerk's Office the materials required for transmittal under § 1608(a)(4)—two copies of the summons, complaint, and notice of suit as to each Defendant, together with translations of each into Korean and the required service fees—for dispatch to the Secretary of State, to the attention of the Director of Special Consular Services. A letter from Bybit's counsel requesting service, and the *Affidavit Requesting Foreign Mailing*, accompany those materials.

Dated: August 19, 2026

Respectfully submitted,

*/s/ Travis LeBlanc*

Travis LeBlanc (DC Bar # 496844)
Brian E. Nelson (DC Bar # 978426)
(*Pro Hac Vice*)
Carlton Forbes (DC Bar # 1656612)
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, District of Columbia 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: tleblanc@cooley.com
Email: brian.nelson@cooley.com
Email: cforbes@cooley.com

William K. Pao (*Pro Hac Vice*)
Jonathan B. Waxman (*Pro Hac Vice*)
Cooley LLP
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
Email: wpao@cooley.com
Email: jwaxman@cooley.com

*Attorneys for Plaintiff Bybit Technology Limited*